Benjamin Heikali (SBN 307466)
bheikali@faruqilaw.com
Joshua Nassir (SBN 318344)
jnassir@faruqilaw.com
Ruhandy Glezakos (SBN 307473)
rglezakos@faruqilaw.com
**FARUQI & FARUQI LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

*Attorneys for Plaintiff Jeffrey Cimoli*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CIMOLI on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALACER CORP.,<br><br>Defendant. | CASE NO.  5:20-cv-7838<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **Violation of Cal. Bus. & Prof. Code § 17200, *et seq.***<br><br>2. **Violation of California Civil Code § 1750, *et seq.***<br><br>3. **Violation of California Business and Professions Code § 17500, *et seq.***<br><br>4. **Violation of California Commercial Code § 2313**<br><br>5. **Violation of Cal. Com. Code § 2314**<br><br>6. **Unjust Enrichment/Quasi-Contract**<br><br>7. **Common Law Fraud**<br><br>8. **Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Jeffrey Cimoli ("Plaintiff"), individually and on behalf of all others similarly situated, bring this class action complaint against Alacer Corp. ("Alacer" or "Defendant"). Plaintiff makes the following allegations upon personal knowledge as to their own acts and experiences, and upon information and belief and the investigation of counsel as to all other matters.

### INTRODUCTION

1.      This is a consumer protection class action arising out of Defendant's false and misleading advertising of its dietary supplement products.

2.      Defendant labels, markets, and sells various dietary supplements in a format known as a "Gummy" or "Gummies". The Gummies at issue here are Defendant's Immune Support Vitamin C Gummies, which come in an "Orange, Tangerine and Raspberry" and "Strawberry, Lemon, and Blueberry" flavor, and its Elderberry Gummies (individually, the "Product" and collectively, the "Products").[1] The Products are sold under the "Emergen-C" brand name, which is the most popular Vitamin C brand in the United States.

3.      Each Product prominently states on its front label that the Gummies contain either "750 mg Vitamin C" or are "Crafted with 50 mg of elderberry juice concentrate." Each Product also states on its front label that the Products contain "45 Gummies."

4.      A reasonable consumer would understand these labels in a straight-forward manner: that each Gummy in the product contains the stated dosage on the front label.

5.      However, each Gummy does not contain the stated dosage on the front label. Instead, customers must take *three* gummies to receive the advertised dosage. Therefore, consumers are not getting what they reasonably expect.

6.      For example, a consumer would expect that a Product that promises to contain "750 mg Vitamin C" and "45 Gummies" in the bottle would provide 45 doses of 750 mg (total of 33,750 mg of Vitamin C per bottle). However, because the consumer must take three gummies to get the advertised 750 mg dosage of Vitamin C, the Product only contains 45 doses of 250 mg (total of

---

[1] The Products challenged in this Complaint are portrayed in Paragraphs 22 and 23.

**CLASS ACTION COMPLAINT**

11,250 mg of Vitamin C per bottle). Ultimately, the consumer only receives a third of the benefit they expect when they purchase Defendant's Products.

7.      As a result, in order to consume the advertised dosage of the supplement, a consumer must consume three times as many Gummies as the front label suggests is necessary to get the dosage.

8.      Thus, given that the entire bottle only contains 15 servings, a customer must purchase two bottles a month to receive the stated dosage on the Products' front label.

9.      There is no qualifier on the Products' front label to inform consumers that they are required to take three gummies to obtain the dosage stated on the front label.

10.     As such, Defendant's labeling scheme is therefore false, deceptive, and misleading.

11.     As a result of Defendant's false and deceptive labeling, Plaintiff and the members of the proposed Classes (defined below) have purchased Products they otherwise would not have purchased or have paid more for Products than they otherwise would have paid.

12.     Plaintiff brings this action on behalf of himself and all others similarly situated to halt the dissemination of Defendant's false, misleading and deceptive advertising, correct the inaccurate perception it has created in the minds of consumers, and obtain redress for those who have purchased Defendant's Products.

## JURISDICTION AND VENUE

13.     The Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, this is a class action in which there are more than 100 Class members, and some Class members, including Plaintiff, are citizens of states different from Defendant.

14.     This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with the State of California, and/or otherwise intentionally avails itself of the markets in the State of California because Defendant is incorporated in California and Defendant extensively promotes, markets, and sells the Products in this State, through various brick-and-mortar and online retailers such as Rite-Aid and Amazon, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

**CLASS ACTION COMPLAINT**

15.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District. Specifically, Plaintiff purchased the Product in this District.

### PARTIES

16.     Plaintiff Jeffrey Cimoli is a citizen of California, and he currently resides in San Jose. In or around June 2020, Mr. Cimoli purchased the Emergen-C Immune Support 750 mg Vitamin C Gummy Orange, Tangerine, and Raspberry Product from a Target store in San Jose, California. In purchasing the Product, Mr. Cimoli saw and relied on the Product's front label.  Specifically, Mr. Cimoli saw and relied on the representation that the Gummies contain "750 mg Vitamin C." Mr. Cimoli also saw and relied on the representation that the Product contains "45 Gummies." Based on these representations, Mr. Cimoli believed he was purchasing a Product that contains 45 gummies, with 750 mg of Vitamin C per Gummy. However, unbeknownst to Mr. Cimoli, the Product that he purchased requires three gummies to obtain the stated dosage on the front label.  Mr. Cimoli would not have purchased the Product, or would have paid significantly less for it, had he known that the Product requires three gummies to obtain the 750 mg of Vitamin C promised on the front label. Therefore, Mr. Cimoli suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein.

17.     Despite being misled by Defendant, Plaintiff wishes to and is likely to continue purchasing the Products in the future. Although Plaintiff regularly visits stores where Defendant's Products are sold, absent an injunction prohibiting the deceptive labeling and advertising described herein, he will be unable to rely with confidence on Defendant's representations in the future and will therefore abstain from purchasing the Products, even though he would like to purchase them. Furthermore, while Plaintiff currently believes the Products do not actually contain the stated dosage on the front label, he lacks personal knowledge as to Defendant's specific business practices, leaving doubt in his mind as to the possibility that some Products made by Defendant actually contain the stated dosage on the Products' front label in each Gummy.  This uncertainty, coupled with his desire to purchase the Products, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant's from making the false and/or misleading representations alleged herein.  In

3

**CLASS ACTION COMPLAINT**

1   addition, Class members will continue to purchase the Products, reasonably but incorrectly believing

2   that they contain the stated dosage on the Products' front label in each Gummy, absent an injunction.

3        18.   Defendant Alacer Corp. is a California corporation with its principal place of

4   business in Carlisle, Pennsylvania, where Defendant maintains a 130,000 square foot facility.

5   Defendant, directly and/or through its agents, formulates, manufactures, labels, markets, distributes,

6   and sells the Products nationwide. Defendant has maintained substantial distribution and sales in

7   this District.

8                              **FACTUAL ALLEGATIONS**

9   **A.   Defendant's False, Misleading, and Deceptive Advertising of the Supplements**

10       19.   Defendant owns and operates the largest Vitamin C brand in the United States,

11   Emergen-C. Millions of customers trust Defendant to provide them with their daily Vitamin C

12   supplementation.

13       20.   Defendant carries and sells a wide range of Emergen-C branded supplement

14   products. While Emergen-C is commonly known to offer their Vitamin C via an effervescent,

15   powdered drink mix, Emergen-C has more recently marketed and sold Vitamin C and other dietary

16   supplements, such as elderberry, in a format known as Gummies.

17       21.   Throughout the relevant time period, Defendant has falsely and misleadingly labeled

18   and advertised its Products by overrepresenting the dosage of Vitamin C or elderberry that a

19   consumer will receive in each Gummy. Specifically, each of the Products represents to contain a

20   specific dosage of either Vitamin C or elderberry.

21       22.   For example, the front label of Defendant's 45-count bottle of Vitamin C Gummies

22   prominently promises to contain: "750 mg Vitamin C." The bottle also states the quantity in bold,

23   capital letters on the lower left of the front label (e.g. "**45 GUMMIES**"). Examples of the two

24   Vitamin C flavors are depicted below, demonstrating an identical Vitamin C representation:

25

26

27

28

4

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24



25    23.    The front label of Defendant's 45-count bottle of Elderberry Gummies is advertised

26   in a substantially similar manner, promising that the Gummies are "Crafted with 50 mg of elderberry

27   juice concentrate." The bottle also states the quantity in bold, capital letters on the lower left of the

28   front label (e.g. "**45 GUMMIES**"). An example is depicted below.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23



24.     A reasonable consumer understands these representations to mean that each Gummy

will contain 750 mg of Vitamin C or 50 mg of elderberry juice concentrate.

25.      The truth, however, is that a customer must consume *three Gummies* to receive a

750 mg of Vitamin C or 50 mg of elderberry juice concentrate.

26.      Therefore, contrary to the front label of the Products, each individual Gummy only

**CLASS ACTION COMPLAINT**

1  delivers 250 mg of Vitamin C or 16.6 mg of elderberry juice concentrate.

2      27.     If a consumer did take three gummies a day, the bottle would only contain fifteen

3  servings. The consumer would have to purchase two bottles of the Product every month to receive

4  the daily dosage stated on the front label.

5  **B.     Consumers' Understanding of the Products' Labeling**

6      28.     Consumers purchase the Products reasonably expecting to receive 45 Gummies

7  containing either 750 mg of Vitamin C or 50 mg of elderberry per Gummy (for an expected total of

8  33,750 mg of Vitamin C or 2,250 mg of elderberry juice concentrate per bottle).

9      29.     However, consumers do not receive this amount, but rather receive 250 mg of

10  Vitamin C or 16.6 mg of elderberry juice concentrate each Gummy (for a total of 11,250 mg of

11  Vitamin C or 750 mg of elderberry juice concentrate in the bottle). Therefore, the Products are

12  falsely and deceptively advertised.

13  **C.     The Impact of Defendant's Advertising and Labeling Practices**

14      30.     Plaintiff and the Class members have been, and will continue to be, deceived or

15  misled by Defendant's false and deceptive labeling and representations.

16      31.     Defendant's Product labeling and packaging lead reasonable consumers to believe

17  that they are receiving a certain dose, per Gummy, of the ingredient presented on the label when, in

18  fact, they are receiving a third of the dose per Gummy. Therefore, consumers only receive a third

19  of the dosage they expect from the Products.

20      32.     As the entity responsible for the development, manufacturing, advertising, and sale

21  of the Products, Defendant knew that the Products did not contain the advertised dosage per Gummy.

22      33.     Defendant knew or should have known that Plaintiff and other consumers, in

23  purchasing the Products, would rely on the advertised dosage on the Products' front label and would

24  therefore reasonably believe that the Products contain either 750 mg of Vitamin C or 50 mg of

25  elderberry juice concentrate.

26      34.     Reasonable consumers did not know, and had no reason to know, that the stated

27  dosage per Gummy on the front of the Products' label was false and deceptive. At the point of

28  purchase, reasonable consumers are not required to turn to the back of the bottle and read the fine

**CLASS ACTION COMPLAINT**

print in the Supplement Facts to discover that, contrary to Defendant's representations on the front of the bottle, they have to take more Gummies than advertised to meet the advertised dosage.[2]

35.     The false belief created by Defendant's Product labeling and packaging is a material factor in influencing consumer purchase decisions because it relates to the dosage and quantity of an ingredient being received. To the detriment of consumers, Defendant's Product labeling entices consumers to pay for a certain number of doses of a supplement, but they receive only a fraction of the doses the consumer reasonably expects.

36.     Had Plaintiff and the Class members known the truth about the Products, they would not have purchased the Products and/or would not have paid the prices they paid for the Products.

37.     Plaintiff and Class members were all harmed by purchasing Defendant's Products because they did not receive what they paid for, and, as a result, lost money and property.

38.     Each Class member has been exposed to the same or substantially similar deceptive practice, as each of the Products overstates the dosage of a particular supplement ingredient per Gummy.

## CLASS ACTION ALLEGATIONS

39.     Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following California Subclass and California Consumer Subclass.

**California Subclass**

All persons who, within the relevant statute of limitations period, purchased any of the Products in the state of California.

**California Consumer Subclass**

All persons who, within the relevant statute of limitations period, purchased any of the Products for personal, family, or household purposes in the state of California.

---

[2] For example, research indicates that 90% of consumers make a purchase after only visually examining the front of the packaging without physically having the product in their hands. See Clement, J., Visual influence on in-store buying decisions: an eye-track experiment on the visual influence of packaging design, 23 Journal of Marketing Management, 917−928 (2007).

**CLASS ACTION COMPLAINT**

**Nationwide Class**

All persons in the United States who, within the relevant statute of limitations period, purchased any of the Products.

40.     Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

41.     Plaintiff reserves the right to modify or amend the definition of the proposed Classes after having had an opportunity to conduct discovery.

42.     Plaintiff is a member of all Classes.

43.     <u>Numerosity:</u> The proposed Classes are so numerous that joinder of all members would be impractical.  The Products are sold across California and the United States at grocery stores and online stores. The number of individuals who purchased the Products within the United States and the state of California during the relevant time period is at least in the tens of thousands. Accordingly, Class members are so numerous that their individual joinder herein is impractical. While the precise number of Class members and their identities are unknown to Plaintiff at this time, these Class members are identifiable and ascertainable.

44.     <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members.  These questions include, but are not limited to, the following:

        a.   Whether Defendant misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of the Products;

        b.   Whether Defendant's use of false or deceptive packaging and advertising constituted false or deceptive advertising;

**CLASS ACTION COMPLAINT**

     c.  Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices;

     d.  Whether Defendant's unlawful conduct, as alleged herein, was intentional and knowing;

     e.  Whether Plaintiff and the Classes are entitled to damages and/or restitution, and in what amount;

     f.  Whether Defendant is likely to continue using false, misleading or unlawful conduct such that an injunction is necessary; and

     g.  Whether Plaintiff and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

45.     Defendant has engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff and Class members. Similar or identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Defendant's deceptive packaging and advertising of the Products. Each instance of harm suffered by Plaintiff and Class members has directly resulted from a single course of illegal conduct. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

46.     <u>Superiority</u>: Because of the relatively small size of the individual Class members' claims, no Class member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. A class action is superior to any alternative means of prosecution.

47.     <u>Typicality</u>: The representative Plaintiff's claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Defendant's uniform unlawful conduct as alleged herein.

48.     <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the proposed

11

**CLASS ACTION COMPLAINT**

Classes as his interests do not conflict with the interests of the members of the proposed Classes he seeks to represent, and he has retained counsel competent and experienced in class action litigation. The interests of the members of the Classes will be fairly and adequately protected by the Plaintiff and his counsel.

49.     This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23 because Defendant acted, or failed to act, on grounds generally applicable to Plaintiff and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

## CAUSES OF ACTION

### COUNT I
**Violation of California's Unfair Competition Law ("UCL")**
**Cal. Bus. & Prof. Code § 17200 *et seq.***
**(on behalf of the California Class)**

50.     Plaintiff re-alleges and incorporates Paragraphs 1-49 as if fully set forth herein.

51.     Plaintiff brings this claim individually and on behalf of the California Class.

52.     Plaintiff and Defendant are "persons" within the meaning of the UCL. Cal. Bus. & Prof. Code § 17201.

53.     The UCL defines unfair competition to include any "unlawful, unfair or fraudulent business act or practice," as well as any "unfair, deceptive, untrue or misleading advertising." Cal. Bus. Prof. Code § 17200.

54.     In the course of conducting business, Defendant engaged in unlawful business practices by violating Cal. Civ. Code § 1770, Cal. Bus. & Prof. Code § 17500, and other laws as explained more fully below.

55.     As a result of Defendant's unlawful business acts and practices, Defendant has and continues to unlawfully obtain money from Plaintiff and the members of the California Class.

56.     Under the UCL, a business act or practice is "unfair" if the defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims.

**CLASS ACTION COMPLAINT**

57.     Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the Products' packaging and marketing. Creating consumer confusion as to the dosage of the supplement ingredient(s) in the Products is of no benefit to consumers. Receiving money as a result of false and misleading advertising is contrary to public policy and is immoral, unethical, oppressive, unscrupulous and substantially injures consumers. And, as demonstrated by the many California laws prohibiting false and deceptive advertising, there is no justification or motive that outweighs the harm caused by Defendant's false and deceptive advertising. Therefore, Defendant's conduct was and continues to be unfair.

58.     Plaintiff and the members of the California Class paid monies to Defendant to receive certain doses of supplement ingredients, but they did not receive those doses. As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff and members of the California Class.

59.     Defendant's representations on the front label of the Products also were and continue to be "fraudulent" because they have the effect of deceiving consumers into believing that the Products have a certain dosage per Gummy of a supplement ingredient, when they do not. These representations, Defendant's corresponding omissions, and Defendant's other related actions and conduct were false, misleading, and likely to deceive the consuming public.

60.     Defendant knew, or should have known, its material misrepresentations and omissions would be likely to deceive and harm the consuming public and result in consumers making payments to Defendant to obtain dietary supplement products that did not contain the dosage of the supplement that was advertised.

61.     Plaintiff and the California Class lost money and suffered injury in fact by purchasing Defendant's Products, and Defendant was unjustly enriched by receiving payments from Plaintiff and the California Class in return for providing Plaintiff and the California Class products that were not as advertised.

62.     Unless restrained and enjoined, Defendant will continue to engage in the unlawful, unfair and fraudulent conduct described herein.

**CLASS ACTION COMPLAINT**

63.     Accordingly, Plaintiff, individually and on behalf of all California Class members and the general public, seek restitution from Defendant of all money from Plaintiff and the other members of the California Class obtained as a result of Defendant's unfair competition, an injunction prohibiting Defendant from continuing and further engaging in its unlawful, unfair and fraudulent conduct, corrective advertising, and all other relief the Court deems appropriate.

**COUNT II**
**Violation of California's Consumers Legal Remedies Act ("CLRA")**
**Cal. Civ. Code § 1750 *et seq.***
**(on behalf of the California Class)**

64.     Plaintiff re-alleges and incorporates Paragraphs 1-49 as if fully set forth herein.

65.     Plaintiff bring this claim individually and on behalf of the California Consumer Subclass.

66.     The CLRA was designed and enacted to protect consumers from unfair and deceptive business practices. To this end, the CLRA sets forth a list of unfair and deceptive acts and practices in California Civil Code § 1770.

67.     Plaintiff and California Class members are "consumers," Defendant is a "person," and the Products are "goods" within the meaning of the CLRA. Cal. Civ. Code § 1761(a), (c) and (d).

68.     Defendant's sale and advertisement of the Products constitute "transactions" within the meaning of the CLRA. Cal. Civ. Code § 1761(e).

69.     Plaintiff has standing to pursue these claims because he suffered injury in fact and a loss of money and/or property as a result of the wrongful conduct alleged herein.

70.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ." By marketing the Products with their current packaging and advertisements, Defendant has represented and continues to represent that the Products have characteristics and quantities (contain a certain mg of dosage per Gummy of a supplement ingredient) that they do not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

71.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of

a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Products with their current packaging and advertisements, Defendant has represented and continues to represent that the Products are of a particular standard (contain a certain dosage per Gummy of a supplement ingredient) when it is of another. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

72.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By marketing the Products with their current packaging and advertisements, such that a reasonable consumer would believe that the Products would contain the stated dosage per Gummy of the supplement ingredient, and then not selling the Products as such, Defendant has violated section 1770(a)(9) of the CLRA.

73.     Defendant also violated the CLRA by intentionally failing to disclose that the stated dosage, on the front label, of the supplement ingredient was not on a per Gummy basis.

74.     Defendant knew or should have known its dosage representations were false and misleading.

75.     Plaintiff and members of the California Consumer Subclass purchased Defendant's Products based on the belief that the Products contained one dose of the supplement per Gummy. Defendant's Products, however, contain only a fraction of that amount.

76.     Defendant's violations of the CLRA proximately caused injury in fact to Plaintiff and members of the California Consumer Subclass, as they would not have purchased the Products or would have paid significantly less for the Products had they known that Defendant's conduct was misleading and fraudulent.

77.     Pursuant to Cal. Civ. Code § 1782(d), Plaintiff, individually and on behalf of the other members of the California Consumer Subclass, seek a Court order enjoining the above-described wrongful acts and practices of Defendant and for other appropriate injunctive relief.

78.     In accordance with Cal. Civ. Code § 1780(d), Plaintiff is filing a declaration of venue, attached hereto to this Complaint.

79.     Plaintiff notified Defendant in writing by certified mail sent on August 19, 2020 of its violations of § 1770 described above and demanded that it correct the problems associated with

the actions detailed above and give notice to all affected consumers. Plaintiff provided Defendant that notice 30 or more days before filing this Complaint. Defendant received the letter on August 25, 2020. Because Defendant did not agree to rectify the problems identified and give notice to all affected consumers, Plaintiff seeks actual, punitive and statutory damages, as appropriate.

## COUNT III
### Violation of California's False Advertising Law ("FAL")
### Cal. Bus. & Prof. Code § 17500 *et seq.*
### (on behalf of the California Class)

80.    Plaintiff re-alleges and incorporates Paragraphs 1-49 as if fully set forth herein.

81.    Plaintiff brings this claim individually and on behalf of the California Class.

82.    The FAL, in relevant part, states that "[i]t is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

83.    Defendant's material misrepresentations and omissions alleged herein violate Cal. Bus. & Prof. Code § 17500.  Defendant has represented and continues to represent to the public, including Plaintiff and members of the California Class, through Defendant's deceptive packaging and marketing, that the Products contain a certain dosage per Gummy of a supplement ingredient. Defendant's representations are misleading because each gummy in the Products contain only a fraction of the represented dosage. Because Defendant has disseminated misleading information regarding the Products, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representation was and continues to be misleading, Defendant has violated the FAL.

84.    Defendant knew or should have known that its misrepresentations and omissions were false, deceptive, and misleading.

**CLASS ACTION COMPLAINT**

85.     Defendant's conduct is also misleading because Defendant intentionally fails to disclose that the stated dosage, on the front label, of the supplement ingredient was not on a per Gummy basis.

86.     As a direct and proximate result of Defendant's false, misleading, and deceptive advertising, Plaintiff and the members of the California Class have suffered injury in fact and have lost money.

87.     Pursuant to California Business & Professions Code §§ 17203 and 17500, Plaintiff requests that this Court cause Defendant to restore this fraudulently obtained money to Plaintiff and members of the California Class, as well as to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein.  Otherwise, Plaintiff and members of the California Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**COUNT IV**
**Breach of Express Warranty**
**California Commercial Code § 2313**
**(on behalf of the California Class)**

88.     Plaintiff re-alleges and incorporates Paragraphs 1-49 as if fully set forth herein.

89.     Plaintiff brings this claim individually and on behalf of the California Class.

90.     Plaintiff and members of the California Class formed a contract with Defendant at the time they purchased the Products. Defendant has expressly warranted on the labeling of the Products that each Gummy contains the represented dosage of the supplement ingredient. These representations about the Products: (1) are affirmations of fact or promises made by Defendant to consumers that the Products contain a certain dosage, per Gummy, of the supplement ingredient; (2) became part of the basis of the bargain to purchase the Products when Plaintiff relied on the representations; and (3) created an express warranty that the Products would conform to these affirmations of fact or promises. In the alternative, the representations about the Products are descriptions of goods which were made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the product descriptions.

91.     Plaintiff and members of the California Class reasonably and justifiably relied on the

**CLASS ACTION COMPLAINT**

foregoing express warranties, believing that Products did in fact conform to these warranties.

92.     All conditions precedent to Defendant's liability under the above-referenced contract have been performed by Plaintiff and members of the California Class.

93.     Defendant has breached the express warranties made to Plaintiff and members of the California Class by failing to provide Gummies that each contain the represented dosage.

94.     Plaintiff and members of the California Class paid a premium price for the Products but did not obtain the full value of the Products as represented. If Plaintiff and members of the California Class had known of the true nature of the Products, they would not have purchased them or would have paid significantly less for them.

95.     As a result of Defendant's breach of express warranty, Plaintiff and members of the California Class suffered injury and deserve to recover all damages afforded under the law.

96.     Within a reasonable amount of time after Plaintiff discovered that Defendant did in fact breach the express warranty, and prior to filing this Complaint, Plaintiff notified Defendant of the breach.

**COUNT V**
**Breach of Implied Warranty**
**Cal. Com. Code § 2314**
**(on behalf of the California Class)**

97.     Plaintiff re-alleges and incorporates Paragraphs 1-49 as if fully set forth herein.

98.     Plaintiff brings this claim individually and on behalf of the California Class.

99.     California Commercial Code § 2314(1) provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  Cal. Com. Code § 2314(1).

100.    California Commercial Code § 2314(2) provides that "[g]oods to be merchantable must be at least such as . . . (f) conform to the promises or affirmations of fact made on the container or label if any."  Cal. Com. Code § 2314(2)(f).

101.    Defendant is a merchant with respect to the sale of dietary supplements, including the Products at issue here. Therefore, a warranty of merchantability is implied in every contract for the sale of the Products to California consumers.

18

**CLASS ACTION COMPLAINT**

102.     By advertising the Products with their current labeling, Defendant made a promise that each Gummy in the Products contains the represented dosage of the supplement ingredient. By not providing each Gummy with the promised dosage per Gummy, Defendant has not "conformed to the promises . . . made on the container or label." Plaintiff and members of the California Class did not receive the goods as impliedly warranted by Defendant to be merchantable.

103.     Therefore, the Products are not merchantable under California law and Defendant has breached its implied warranty of merchantability in regard to the Products.

104.     If Plaintiff and members of the California Class had known of the true nature of the Products, they would not have purchased them or would have paid significantly less for them. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of the California Class have suffered injury and deserve to recover all damages afforded under the law.

**COUNT VI**
**Unjust Enrichment/Quasi-Contract**
**(on behalf of the California Class)**

105.     Plaintiff re-alleges and incorporates Paragraphs 1-49 as if fully set forth herein.

106.     Plaintiff brings this claim individually and on behalf of the California Class.

107.     At all times relevant hereto, Defendant deceptively marketed, advertised, and sold the Products to Plaintiff and members of the California Class.

108.     Plaintiff and members of the California Class conferred upon Defendant non-gratuitous payments for the Products that they would not have if not for Defendant's deceptive advertising and marketing. Defendant accepted or retained the non-gratuitous benefits conferred by Plaintiff and members of the California Class, with full knowledge and awareness that, as a result of Defendant's deception, Plaintiff and members of the California Class were not receiving a product of the quality, nature, fitness, or value that had been represented by Defendant and reasonable consumers would have expected.

109.     Defendant has been unjustly enriched in retaining the revenues derived from purchases of the Products by Plaintiff and members of the California Class. Defendant's retention of that benefit under these circumstances is unjust and inequitable because Defendant

19

**CLASS ACTION COMPLAINT**

misrepresented, among other things, that its Products possessed characteristics that the Products did not, in fact, possess. Defendant's misrepresentations caused injuries to Plaintiff and members of the California Class because they paid a price premium due to the misleading advertising and markings on the Products' bottles that they otherwise would not have paid.

110.    Retaining the non-gratuitous benefits conferred upon Defendant by Plaintiff and members of the California Class under these circumstances made Defendant's retention of the non-gratuitous benefits unjust and inequitable. Thus, Defendant must pay restitution to Plaintiff and members of the California Class for unjust enrichment, as ordered by the Court.

### COUNT VII
**Common Law Fraud**
**(on behalf of the California Class)**

111.    Plaintiff re-alleges and incorporates Paragraphs 1-49 as if fully set forth herein.

112.    Plaintiff brings this claim individually and on behalf of the California Class.

113.    Defendant has willfully, falsely, and knowingly omitted the fact that consumers must consume two Gummies to receive the dosage listed on the Products' front label.   Therefore, Defendant has made knowing, fraudulent omissions as to the Products.

114.    Defendant's omissions were material (*i.e.*, the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions), because they relate to the central functionality of the Product: its Vitamin C and elderberry content.

115.    Defendant knew or recklessly disregarded the fact that the Products, unbeknownst to consumers, contain less than the dosage of Vitamin C or elderberry stated on the Products' front label.

116.    Defendant intended that Plaintiff and other consumers rely on these omissions, as they are pertaining to facts that, if revealed to consumers, would affect their purchasing decisions in that they would not have purchased or would have paid less for the Products.

117.    Plaintiff and members of the California Class have reasonably and justifiably relied

**CLASS ACTION COMPLAINT**

on Defendant's omissions when purchasing the Products and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

118.    Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## COUNT VIII
### Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law
### 73 P.S. §§ 201-1, *et seq.*
### (on behalf of the Nationwide Class)

119.    Plaintiff re-alleges and incorporates Paragraphs 1-49 as if fully set forth herein.

120.    Plaintiff brings this claim individually and on behalf of the Nationwide Class.

121.    Plaintiff, Defendant, and members of the Nationwide Class are "Person[s]" within the meaning of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-2(2).

122.    73 P.S. § 201-3 declares unlawful "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce …."

123.    Defendant's business acts and practices alleged herein constituted deceptive acts or practices under the 73 P.S. § 201, *et seq.*  Specifically, Defendant has violated the following subsections of the UTPCPL:

a.  73 PS § 201-2(4)(v) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ." By marketing the Products with their current packaging and advertisements, Defendant has represented and continues to represent that the Products have characteristics and quantities (contain a certain mg of dosage per Gummy of a supplement ingredient) that they do not have. Therefore, Defendant has violated 73 P.S. § 201-2(4)(v).

**CLASS ACTION COMPLAINT**

b. 73 P.S. § 201-2(4)(vii) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Products with their current packaging and advertisements, Defendant has represented and continues to represent that the Products are of a particular standard (contain a certain dosage per Gummy of a supplement ingredient) when it is of another. Therefore, Defendant has violated 73 PS § 201-2(4)(vii).

c. 73 P.S. § 201-2(4)(ix) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By marketing the Products with their current packaging and advertisements, such that a reasonable consumer would believe that the Products would contain the stated dosage per Gummy of the supplement ingredient, and then not selling the Products as such, Defendant has violated 73 P.S. § 201-2(4)(ix).

d. 73 P.S. § 201-2(4)(xxi) prohibits "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." By marketing the Products with their current packaging and advertisements, such that a reasonable consumer would believe that the Products would contain the stated dosage per Gummy of the supplement ingredient, and then not selling the Products as such, Defendant has violated 73 P.S. § 201-2(4)(xxi).

124. Defendant has known or reasonably should have known that the Products did not contain the dosage stated on the front label on a per gummy basis, and that Plaintiff and the Nationwide Class members would reasonably and justifiably rely on the packaging in purchasing the Products.

125. Defendant has intentionally and knowingly misrepresented material facts with an intent to mislead Plaintiff and the Nationwide Class.

126. The above unlawful, unfair, and deceptive acts and practices by Defendant were immoral, unethical, oppressive and unscrupulous. These acts caused substantial injury to Plaintiff and the Nationwide Class members that they could not reasonably avoid, and this substantial injury outweighed any benefits to consumers or to competition.

22

**CLASS ACTION COMPLAINT**

127.    Defendant's servings representations were material to Plaintiff and the Nationwide Class because they relate to the amount of product the consumer is receiving and paying for. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

128.    As a direct and proximate cause of Defendant's conduct, Plaintiff and members of the Nationwide wide Class suffered damages as alleged above.

129.    Plaintiff and the Nationwide Class seek an order enjoining Defendant's deceptive acts and practices, and awarding attorneys' fees, and any other just and proper relief available under the UTPCPL.

130.    In addition to or in lieu of actual damages, Plaintiff and the Nationwide Class seek statutory damages for each injury and violation which has occurred.

131.    Plaintiff and the Nationwide Class seek relief under 73 P.S. §201-9.2, including, but not limited to, injunctive relief, actual damages or $100 per class member, whichever is greater, treble damages, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the proposed Classes, respectfully request that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

A.    Certifying the Classes as requested herein, designating Plaintiff as class representatives and appointing the undersigned counsel as class counsel;

B.    Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

C.    Ordering restitution and disgorgement of all profits and unjust enrichment Defendant obtained from Plaintiff and the members of the Classes as a result of Defendant's unlawful, unfair and fraudulent business practices;

D.    Ordering payment of damages as permitted by law, including actual, compensatory, statutory, and punitive damages, to the full extent permitted by law;

23

**CLASS ACTION COMPLAINT**

1       E.      Ordering injunctive relief as permitted by law or equity, including enjoining

2 Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to

3 engage in a corrective advertising campaign;

4       F.      Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff and the

5 other members of the Classes;

6       G.      Ordering Defendant to pay both pre- and post-judgment interest on any amounts

7 awarded; and

8       H.      Ordering such other and further relief as may be just and proper.

9 **<u>JURY TRIAL DEMANDED</u>**

10    Plaintiff hereby demands a trial by jury of all claims in this Complaint so triable.

11

12 DATED:  November 5, 2020      **FARUQI AND FARUQI, LLP**

13

14

15                  By:    */s/ Benjamin Heikali*_____

16                       Benjamin Heikali

17                       Benjamin Heikali (SBN 307466)
                              bheikali@faruqilaw.com

18                       Joshua Nassir (SBN 318344)
                              jnassir@faruqilaw.com

19                       Ruhandy Glezakos (SBN 307473)
                              rglezakos@faruqilaw.com

20                       **FARUQI & FARUQI LLP**

21                       10866 Wilshire Boulevard, Suite 1470
                              Los Angeles, California 90024

22                       Telephone: (424) 256-2884
                              Facsimile: (424) 256-2885

23

24                       *Attorneys for Plaintiff*

25

26

27

28

24

**CLASS ACTION COMPLAINT**

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Jeffrey Cimoli, declare as follows:

1.      I am a Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place of trial because the transaction giving rise to my claims, my purchase of the product at issue, occurred in this District.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, executed on _____ at San Jose, California.

11/4/2020 | 7:11 PM EST

Jeffrey Cimoli