Benjamin Heikali (SBN 307466)
*E-mail: bheikali@faruqilaw.com*
Joshua Nassir (SBN 318344)
*E-mail: jnassir@faruqilaw.com*
Ruhandy Glezakos (SBN 307473)
*E-mail: rglezakos@faruqilaw.com*
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885


*Attorneys for Plaintiff Jeffrey Cimoli*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY CIMOLI, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ALACER CORP.,<br><br>        Defendant. | Case No.: 5:20-cv-07838-BLF<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Hearing Date: June 3, 2021<br>Time:      9:00 a.m.<br>Courtroom:  3, 5th Floor<br>Judge:     Hon. Beth L. Freeman<br><br>Complaint Filed: November 5, 2020 |

# **TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................................................... 1

II.    STATEMENT OF FACTS .................................................................................. 1

III.   LEGAL STANDARD......................................................................................... 3

IV.   ISSUES TO BE DECIDED (Civil Local Rule 7-4(a)(3)) .................................. 3

V.    ARGUMENTS .................................................................................................... 4

      A.    Choice of Law.......................................................................................... 4

      B.    The Reasonable Consumer Standard Applies to Plaintiff's Claims .......... 5

      C.    The Products Promise Consumers A Specific Dosage ................................ 5

      D.   Plaintiff Adequately Plead Violations of the UCL .................................... 12

      E.    Plaintiff Adequately Pleads His Warranty Claims..................................... 13

      F.    Plaintiff Adequately Pleaded His Claim for Unjust Enrichment ............... 16

      G.   Plaintiff Adequately Pleaded His Claim Under the UTPCPL .................... 16

      H.   Plaintiff Has Standing To Pursue Injunctive Relief................................... 17

      I.    Plaintiff Has Standing To Pursue Claims Against the Elderberry Gummies ........... 18

      J.    Plaintiff Has Standing To Pursue Claims On Behalf of a Nationwide Class ........... 20

VI.   CONCLUSION................................................................................................... 20

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Similasan Corp.*,
No. 12CV0376-BTM-WMC, 2013 WL 2120825 (S.D. Cal. May 14, 2013) ............................ 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................................... 3

*Brady v. Bayer Corp.*,
26 Cal. App. 5th 1156 (2018) ..................................................................................... *passim*

*Brazil v. Dole Food Co., Inc.*,
No. 12-CV-01831-LHK, 2013 WL 5312418 (N.D. Cal. Sept. 23, 2013).................................. 19

*Broomfield v. Craft Brew All., Inc.*,
No. 17-CV-01027-BLF, 2017 WL 5665654 (N.D. Cal. Nov. 27, 2017).............................. 17, 18

*Broomfield v. Craft Brew Alliance, Inc.*,
No. 17-cv-01027-BLF, 2017 WL 3838453 (N.D. Cal. Sept. 1, 2017) ........................... 11, 14, 15

*Brown v. Hain Celestial Grp., Inc.*,
913 F. Supp. 2d 881 (N.D. Cal. 2012) ................................................................................. 13

*Cabrera v. Bayer Healthcare, LLC*,
No. LA CV17-08525 JAK (JPRx), 2019 WL 1146828 (C.D. Cal. Mar. 6, 2019) ..................... 15

*Chavez v. Wal-Mart Stores, Inc.*,
No. CV 13-6429-GHK, 2014 WL 12591244 (C.D. Cal. Mar. 3, 2014) ............................... 4, 17

*Danganan v. Guardian Prot. Servs.*,
645 Pa. 181 (2018)................................................................................................. 4, 16, 20

*David v. Baker*,
129 F. App'x 358 (9th. Cir. 2005) ....................................................................................... 3

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2017) .......................................................................................... 17, 18

*Davis v. HSBC Bank Nev., N.A.*,
691 F.3d 1152 (9th Cir. 2012) ............................................................................................ 13

*Dinan v. Sandisk LLC*,
No. 18-CV-05420-BLF, 2019 WL 2327923 (N.D. Cal. May 31, 2019) ............................... 10, 11

*Dorfman v. Nutramax Labs., Inc.*,
No. 13cv0873 WQH (RBB), 2013 WL 5353043 (S.D. Cal. Sept. 23, 2013) ............................ 12

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

*Dukich v. IKEA US Retail LLC*,
    No. CV 20-2182, 2021 WL 131284 (E.D. Pa. Jan. 14, 2021) ............................................... 16, 20

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ......................................................................................................... 10

*Ehret v. Uber Techs., Inc.*,
    68 F. Supp. 3d 1121 (N.D. Cal. 2014) ............................................................................................ 5

*Falk v. Gen. Motors Corp.*,
    496 F. Supp. 2d 1088 (N.D. Cal. 2007) ........................................................................................ 12

*Forcellati v. Hyland's, Inc.*,
    876 F. Supp. 2d 1155 (C.D. Cal. 2012) ........................................................................................ 17

*Goldman v. Bayer AG*,
    742 F. App'x 325 (9th Cir. 2018) .................................................................................................... 9

*Goldman v. Bayer AG*,
    No. 17-CV-0647-PJH, 2017 WL 3168525 (N.D. Cal. July 26, 2017) ............................................ 9

*Hadley v. Kellogg Sales Co.*,
    No. 16-CV-04955-LHK, 2017 WL 1065293 (N.D. Cal. Mar. 21, 2017) .................................... 14

*Ham v. Hain Celestial Grp., Inc.*,
    70 F. Supp. 3d 1188 (N.D. Cal. 2014) ............................................................................................ 5

*Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*,
    No. 18-cv-06664-BLF, 2020 WL 5910071 (N.D. Cal. Oct. 6, 2020).................................... 17, 18

*Jones v. Nutiva, Inc.*,
    No. 16-cv-00711-HSG, 2016 WL 5210935 (N.D. Cal. Sept. 22, 2016).................................... 14

*Joseph v. J.M. Smucker Co.*,
    No. CV 17-8735 FMO (KSX), 2019 WL 1219708 (C.D. Cal. Mar. 13, 2019).......................... 15

*Kasky v. Nike, Inc.*,
    27 Cal. 4th 939 (2002) .................................................................................................................... 6

*Keith v. Buchanan*,
    173 Cal. App. 3d 13 (1985) .......................................................................................................... 13

*Lectrodryer v. SeoulBank*,
    77 Cal. App. 4th 723 (2000) .......................................................................................................... 16

*McDonnell Douglas Corp. v. Thiokol Corp.*,
    124 F.3d 1173 (9th Cir. 1997) ...................................................................................................... 14

*Moore v. Mars Petcare USA, Inc.*,
    966 F.3d 1022 (9th Cir. 2020) ...................................................................................................... 19

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

*Morgan v. Wallaby Yogurt Co., Inc.*,
　　No. 13-CV-00296-WHO, 2014 WL 1017879 (N.D. Cal. Mar. 13, 2014)................................. 19

*Morley v. Walker*,
　　175 F.3d 756 (9th Cir. 1999) ........................................................................................ 3

*Mosqueda v. Am. Honda Motor Co., Inc.*,
　　443 F. Supp. 3d 1115 (C.D. Cal. 2020) ....................................................................... 15

*Mui Ho v. Toyota Motor Corp.*,
　　931 F. Supp. 2d 987 (N.D. Cal. 2013) ......................................................................... 12

*In re NJOY, Inc. Consumer Class Action Litig.*,
　　No. CV 14-00428 MMM, 2015 WL 12732461 (C.D. Cal. May 27, 2015)................................. 6

*Pecanha v. Hain Celestial Grp., Inc.*,
　　No. 17-CV-04517-EMC, 2018 WL 534299 (N.D. Cal. Jan. 24, 2018)....................................... 14

*Prescott v. Bayer HealthCare LLC*,
　　No. 20-cv-00102-NC, 2020 WL 4430958 (N.D. Cal. July 31, 2020) ......................................... 18

*Prescott v. Reckitt Benckiser LLC*,
　　No. 20-CV-02101-BLF, 2020 WL 7075624 (N.D. Cal. Dec. 3, 2020) ................................... 5, 11

*Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*,
　　768 F.3d 938 (9th Cir. 2014) ........................................................................................ 3

*Romero v. Flowers Bakeries, LLC*,
　　No. 14-cv-05189-BLF, 2015 WL 2125004 (N.D. Cal. May 6, 2015) ......................................... 16

*Romero v. Flowers Bakeries, LLC*,
　　No. 14-CV-05189-BLF, 2016 WL 469370 (N.D. Cal. Feb. 8, 2016)................................... 10, 19

*Roper v. Big Heart Pet Brands, Inc.*,
　　No. 1:19-cv-00406-DAD-BAM, 2020 WL 7769819 (E.D. Cal. Dec. 30, 2020) ....................... 15

*Sandoval v. PharmaCare US, Inc.*,
　　145 F. Supp. 3d 986 (S.D. Cal. 2015)............................................................................ 13

*Skylor v. Nordic Naturals, Inc.*,
　　No. CGC-17-562382, 2018 Cal. Super. LEXIS 2414 (Mar. 8, 2016) ....................................... 8, 9

*Smith v. Keurig Green Mountain, Inc.*,
　　393 F. Supp. 3d 837 (N.D. Cal. 2019) ........................................................................... 15

*Starr v. Baca*,
　　652 F.3d 1202 (9th Cir. 2011) ...................................................................................... 11

*Table Bluff Reservation (Wiyot Tribe) v. Philip Morris, Inc.*,
　　No. C-99-2621 MHP, 1999 WL 33295030 (N.D. Cal. Nov. 12, 1999)........................................ 8

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

*Walters v. Vitamin Shoppe Indus., Inc.*,
    701 F. App'x 667 (9th Cir. 2017) ........................................................ *passim*

*Walters v. Vitamin Shoppe Indus., Inc.*,
    No. 3:14-CV-01173-PK, 2015 WL 3916972 (D. Or. June 25, 2015) ...................................... 7, 8

*Watson v. Solid Gold Pet, LLC*,
    No. CV 18-6479 PSG, 2019 WL 3308766 (C.D. Cal. Feb. 22, 2019) ...................................... 14

*Williams v. Gerber Prods. Co.*,
    552 F.3d 934 (9th Cir. 2008) ........................................................ *passim*

*Yumul v. Smart Balance, Inc.*,
    733 F. Supp. 2d 1117 (C.D. Cal. 2010) ........................................................ 5

**Statutes**

Cal. Bus. & Prof. Code § 17200, *et seq.* ........................................................ 3

Cal. Bus. & Prof. Code § 17500, *et seq* ........................................................ 3, 4

Cal. Civ. Code § 1750, *et seq.* ........................................................ 3

Cal. Comm. Code § 2313 ........................................................ 13

Cal. Comm. Code § 2314 ........................................................ 14,15

**Other Authorities**

Local Rule 7-4(a)(3) ........................................................ 3

Fed. R. Civ. P. 12(b)(6) ........................................................ 3

## I.  INTRODUCTION

Increasingly concerned for their immune health, consumers look to companies like Defendant to ensure they are receiving the protection they need. Unbeknownst to these consumers, Defendant only provides a third of the dosage of two immune-supporting nutrients, Vitamin C and elderberry, explicitly promised on the front label of its gummy vitamin products. Defendant's expectation that consumers take three gummies to obtain the dosage promised on the front label is not only unsupported by anything on the front label, but it also leads to absurd results. Indeed, given that there are only 45 gummies per product, consumers would need to buy a pricey bottle of gummies every *two weeks* to get the daily immune support promised to them. This is not what reasonable consumers expect.

Defendant puts the onus on consumers to discover the truth about its products' dosage, contending that consumers should have read the products' back label. However, this is an unrealistic expectation. Research demonstrates that approximately 90% of consumers make a purchase after only visually examining the front of the packaging, without physically having the product in their hands. The trust placed in Defendant's marketing is reasonable considering its status as one of the nation's largest suppliers of immune support. *Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1159 (2018) ("[W]hen consumers find a reputable company offering them vitamins [] now owned by an international pharmaceutical company respected all over the world – they can be expected to adhere to that company's advice" on the product's label). Defendant's expectation not only belies how real consumers behave, but such uncommon conduct is explicitly not expected or required under California and Ninth Circuit law. At the very least, the question of how consumers interact with the product packaging is a question of fact for a later stage. For these reasons, and as further set forth below, Defendant's Motion to Dismiss Plaintiff's Class Action Complaint ("MTD") (ECF No. 17) should be denied in its entirety.

## II.  STATEMENT OF FACTS

This putative consumer class action challenges Defendant Alacer Corp.'s ("Defendant") false advertising of its dietary immune support supplements. Plaintiff Jeffrey Cimoli ("Plaintiff") alleges that Defendant advertises its Immune Support Vitamin C Gummies and its Elderberry Gummies

1  (individually, the "Product" and collectively, the "Products") with specific dosage representations

2  that are false and misleading. Class Action Complaint ("CAC") (ECF No. 1) ¶ 2. Specifically, the

3  Vitamin C Product's front label states that the "Gummies" contain "750 mg Vitamin C" and "45

4  Gummies." *Id.* ¶ 22. The Elderberry Product promises the same number of Gummies and claims to

5  be "Crafted with 50 mg of elderberry juice concentrate." *Id.* ¶ 23. Notably, nowhere on the front label

6  of the Products does Defendant state or otherwise disclaim that the dosages are *per serving* rather

7  than per gummy. *Id.* ¶¶ 22-23.

8          Two examples of the Product images from the CAC are pasted below:

 

23  *Id.* ¶¶ 22-23. Plaintiff and other consumers understood the dosage representation in a straight-

24  forward manner: each Gummy will contain the dosage stated on the front label, i.e. 750 mg of

25  Vitamin C. *Id.* ¶¶ 16, 24. With the Products' labels also promising "45 Gummies," Plaintiff and

26  other consumers expected 45 doses of the "750 mg Vitamin C" or "50 mg of elderberry juice

27  concentrate." *Id.* ¶¶ 3-6.    Unbeknownst to Plaintiff and other consumers, this is not true. Each

28  Gummy does not contain the dosage stated on the front label; instead, consumers must take *three*

2

Gummies to receive the advertised dosage. *Id.* ¶ 25. Therefore, each gummy has only 250 mg of Vitamin C or 50 mg of elderberry juice concentrate. *Id.* ¶ 26.

Had Plaintiff and other consumers known that they needed to consume three Gummies to obtain the dosage stated on the front label, they would have paid significantly less for, or would not have purchased, the Products. [1] *Id.* ¶¶ 11, 16-17. As a result, Plaintiff and other consumers have been deceived and suffered injury. *Id.* Plaintiff brings this class action on behalf of himself and similarly situated members of a California and Nationwide, and alleges claims for violations of California consumer protection statutes, California warranty laws, common law fraud, unjust enrichment, and a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCP"). *Id.* ¶¶ 39-131.

## III.    LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6), it is the defendant's burden to show that the plaintiff cannot state a claim for relief. *David v. Baker*, 129 F. App'x 358, 360 (9th. Cir. 2005). The court "must accept as true" all well pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party. *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). To survive a motion to dismiss, the plaintiff must only allege enough facts to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A dismissal for failure to state a claim is appropriate only where it appears, beyond doubt, that the plaintiff can prove no set of facts that would entitle it to relief." *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

## IV.    ISSUES TO BE DECIDED (Civil Local Rule 7-4(a)(3))

(1) Whether Plaintiff has sufficiently pled violations of California's consumer protection statutes: Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"), Cal. Civ. Code § 1750, *et seq.* ("CLRA"), Cal. Bus. & Prof. Code § 17500, *et seq* ("FAL"); (2) whether Plaintiff has sufficiently pled his implied warranty claim; (3) whether Plaintiff has sufficiently pled his express warranty claim; (4) whether

---

[1] Research indicates that 90% of consumers make a purchase after only visually examining the front of the packaging, without physically having the product in their hands. *See id.* ¶ 34 n.2 (citing Clement, J., Visual influence on in-store buying decisions: an eye-track experiment on the visual influence of packaging design, 23 Journal of Marketing Management, 917−28 (2007)).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

1   Plaintiff has sufficiently pled his quasi-contract claim; (5) whether Plaintiff has standing to seek

2   injunctive relief; (6) whether Plaintiff has sufficiently pled his fraud claim; and (7) whether Plaintiff

3   has sufficiently pleaded a violation of Pennsylvania's UTPCPL.

4   **V.    ARGUMENTS**

5          **A.    <u>Choice of Law</u>**

6          As an initial matter, Defendant urges the Court to conduct a choice of law analysis to

7   determine which law should be applied to the claims at hand. MTD at 4. According to Defendant,

8   California law should apply rather than Pennsylvania law. *Id*. Defendant misconstrues Plaintiff's

9   allegations. Plaintiff alleges his UCL, CLRA, FAL, express warranty, implied warranty, unjust

10  enrichment, and common law fraud claims ***only*** on behalf of a California class of consumers. CAC

11  ¶¶ 51, 65, 81, 89, 98, 106, 112.  Therefore, Plaintiff agrees that California law should be applied to

12  those claims and not the law of any other state. As such, the Court need not conduct a choice of law

13  analysis as to those claims.

14         Plaintiff's only remaining cause of action, for violation of Pennsylvania's UTPCPL, is brought

15  on behalf of all consumers nationwide. To the extent Defendant is arguing that the Court should

16  somehow adjudicate Plaintiff's UTPCPL claim under California law, that position is nonsensical, and

17  Defendant does not offer any explanation to the Court as to *how* this approach would be taken. MTD

18  at 4-5.

19         To the extent Defendant is arguing that the UTPCPL cannot be applied to non-Pennsylvanian

20  residents, Defendant is incorrect. As addressed in Sections G, J *infra*, the Supreme Court of

21  Pennsylvania has expressly held that the UTPCPL can be applied extraterritorial to all consumers

22  nationwide, even if their transactions occurred outside of Pennsylvania, as long as the defendant

23  maintains its principal place of business in Pennsylvania. *Danganan v. Guardian Prot. Servs*., 645

24  Pa. 181, 195-96 (2018). As Defendant maintains its principal place of business in Pennsylvania, non-

25  Pennsylvania residents here may bring suit under the UTPCPL. CAC ¶ 18. Regardless, Defendant's

26  request is premature. *Chavez v. Wal-Mart Stores, Inc.*, No. CV 13-6429-GHK (PJWx), 2014 WL

27  12591244, at *2 (C.D. Cal. Mar. 3, 2014) ("In any event, we have expressly held that undertaking

28  case-specific choice-of-law-analysis to strike class claims at this early stage in the litigation is

inappropriate [...] We defer this decision until the class certification stage.")

**B.** <u>**The Reasonable Consumer Standard Applies to Plaintiff's Claims**</u>

California's consumer protection statutes all prohibit false, misleading, or unfair conduct in trade or commerce. Courts apply the "reasonable consumer" standard to determine whether a representation is false or misleading under each of California's false advertising laws: the UCL, FAL, and the CLRA. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *see also Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2014) (holding that the reasonable consumer "standard also applies to common law fraud" claims). A reasonable consumer is "neither the most vigilant and suspicious of advertising claims nor the most unwary and unsophisticated, but instead is the ordinary consumer within the target population." *Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1137 (N.D. Cal. 2014) (internal quotation marks omitted).

At this juncture, dismissal is appropriate only if, "[v]iewing the facts in the light most favorable to plaintiff," it is "'*impossible* for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1129 (C.D. Cal. 2010) (quoting *Williams*, 552 F.3d at 939) (emphasis added). For these reasons, "California courts [] have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Williams*, 552 F.3d at 938.

**C.** <u>**The Products Promise Consumers A Specific Dosage**</u>

This is not a "rare situation[]" in which granting a motion to dismiss is appropriate in a consumer deception claim. *Prescott v. Reckitt Benckiser LLC*, No. 20-CV-02101-BLF, 2020 WL 7075624, at *4 (N.D. Cal. Dec. 3, 2020) (Freeman, J.) (quoting *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015)). Here, the Products' front labels communicate a specific message to consumers. The label for the Elderberry Products states that the "Gummies" are "crafted with 50 mg of elderberry juice concentrate" and the label of the Vitamin C Product promises "750 mg Vitamin C" "Gummies." Without any qualifier or statement (e.g., "per serving" or "per three gummies") indicating that the consumer is required to take multiple gummies to obtain the specified dosages, Plaintiff reasonably understood that each gummy would contain the dosage stated on the front label. *Brady*, 26 Cal. App. 5th at 1172 ("The front of the product makes no attempt to warn the consumer

that a one-a-day jar of gummies is in fact full of two-a-day products"). Clearly, it is not "impossible" for a consumer to reasonably take the Products' front label at face value and reasonably expect each gummy to contain the stated dosage.

Nonetheless, Defendant argues that Plaintiff cannot maintain his CLRA, FAL, common law fraud, and UCL fraud claims, as a "reasonable consumer would not be misled by the product packaging because it does not state or suggest that each gummy provides 750 mg of Vitamin C." MTD at 8. Defendant misunderstands the applicable standard. California's false advertising statutes are not so restrictive as to prohibit only advertising which is expressly stated and literally false. As the California Supreme Court makes clear, "[t]he advertising need not be actually false, as long as it is misleading or 'has a capacity, likelihood or tendency to deceive or confuse the public.'" *Allen v. Similasan Corp.*, No. 12CV0376-BTM-WMC, 2013 WL 2120825, at *5 (S.D. Cal. May 14, 2013) (quoting *Williams*, 552 F.3d at 938). Moreover, California courts have held that implied representations which have a misleading effect are actionable. *See, e.g.*, *In re NJOY, Inc. Consumer Class Action Litig.*, No. CV 14-00428 MMM (JEMx), 2015 WL 12732461, at *12-13 (C.D. Cal. May 27, 2015) (holding that "a reasonable consumer could conclude" that an "advertisement conveys an implied misrepresentation"). Therefore, the Products do not need to state, for example, "Each gummy contains 750mg" to plausibly deceive consumers. Courts recognize that implied representations can have the same deceptive force as explicit representations. *See Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002). Here, the only information on the front label regarding dosage is that the Products contain "750 mg Vitamin C" or "50 mg of elderberry" with "45 Gummies." Without any further clarificatory information on the front label, a consumer could reasonably conclude that the specified dosage applies per gummy.

Indeed, the Ninth Circuit recently addressed nearly identical allegations regarding misleading dosages on a dietary supplement, holding that: (1) dosage representations, which were nearly identical to those on the Products here, plausibly mislead consumers into believing the represented dosage is per unit; and (2) consumers are not expected to scrutinize the Supplement Facts on the back of a supplement product to cure these dosage misrepresentations on a supplement product's front label. *Walters v. Vitamin Shoppe Indus., Inc.*, 701 F. App'x 667, 670 (9th Cir. 2017) ("*Walters II*"). In

*Walters*, the plaintiff, who was a medical doctor, alleged that multiple products sold by supplement retailer Vitamin Shoppe were deceptive because the supplements' front panels misstated the overall dosage per piece in a manner highly similar to the Emergen-C Products. *Walters v. Vitamin Shoppe Indus., Inc.*, No. 3:14-CV-01173-PK, 2015 WL 3916972, at *2 (D. Or. June 25, 2015) ("*Walters I*"), *aff'd in part, rev'd in part and remanded by Walters II*, 701 F. App'x 667 (9th Cir. 2017).

For example, the *Walters* plaintiff purchased dietary supplement capsules which promised "2000 mg" of L-Arginine-Ornithine, but failed to inform the consumer that he needed to consume two capsules to receive that dosage. *Id.* An image of a product pulled from the *Walters* Second Amended Complaint is as follows:



PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

*Walters*, No. 3:14-CV-01173-PK, ECF No. 21 ¶ 17 (D. Or. Nov. 24, 2014).[2] The district court dismissed the plaintiff's claims for reasons similar to those argued in Defendant's MTD and their primary authority, *Skylor*. *Walters I*, 2015 WL 3916972, at *5–6. However, on appeal, the Ninth Circuit found that the district court had erred and reversed the decision. *Walters II*, 701 F. App'x at 670. The Ninth Circuit reasoned that, "[a]pplying the logic of *Williams* to this case, Walters did not have a duty to validate claims on the front of a product's label by cross-checking them against information contained in small print on the back." *Id.* at 670. Just because Walters did not "read the clarifying serving-size information does not constitute a failure to reasonably safeguard his interests." *Id.* ("Consumers review the small print on a product's label to learn additional details about a product, not to correct potentially misleading representations found on the front.") (citing *Williams*, 552 F.3d at 939 (holding that "reasonable consumers" should not "be expected to look beyond misleading representations on the front of the box to discover the truth [elsewhere on] the box.")

The same applies here. Plaintiff purchased a product which promised a specific dosage of a nutrient per unit. Just because Plaintiff did not "read the clarifying serving-size information does not constitute a failure to reasonably safeguard his interests." *Walters II*, 701 F. App'x at 670. Indeed, if the plaintiff in *Walters*, who is a medical doctor, is not expected to peruse through the back of the product to determine whether the representation on the front of the label is true, neither should Plaintiff. Thus, the Court should reject Defendant's request which places the onus on consumers to discover the truth, expecting them to flip to the back and investigate the Products' Supplement Facts to reveal the truth about the dosage.

Despite the existence of a Ninth Circuit decision on all-fours which forecloses on Defendant's position, Defendant completely ignores *Walters II*, not citing it once in its MTD. Instead, Defendant relies on the California Superior Court's decision in *Skylor v. Nordic Naturals, Inc.*, No. CGC-17-562382, 2018 Cal. Super. LEXIS 2414, at *3-5 (Mar. 8, 2016) (finding the product's front label to

---

[2] The Court should take judicial notice of the *Walters* Second Amended Complaint as it is a "matter[] of public record[] such as pleadings in another action[.]" *Table Bluff Reservation (Wiyot Tribe) v. Philip Morris, Inc.*, No. C-99-2621 MHP, 1999 WL 33295030, at *2 n.6 (N.D. Cal. Nov. 12, 1999), *aff'd*, 256 F.3d 879 (9th Cir. 2001); *see also* Declaration of Benjamin Heikali In Support of Plaintiff's Opposition to Defendant's Motion to Dismiss, ¶ 3, Ex. A at ¶ 16 (attaching Second Amended Complaint in *Walters*).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

not be deceptive and putting the onus on consumers to "turn [] the product to the 'back' of the label to the dosage information" on the supplement facts).[3] In reaching this decision, the *Skylor* court relied heavily on *Goldman v. Bayer AG*, No. 17-CV-0647-PJH, 2017 WL 3168525, at *1 (N.D. Cal. July 26, 2017), *vacated and remanded*, 742 F. App'x 325 (9th Cir. 2018). However, Defendant omits from its MTD that *Goldman* was vacated and remanded by the Ninth Circuit due to the California Court of Appeal's decision in *Brady*. *See Goldman v. Bayer AG*, 742 F. App'x 325 (9th Cir. 2018) (vacating the order of dismissal and remanding the case due to the decision in *Brady*).

In *Brady*, the California Court of Appeals expressly rejected the findings in *Goldman*, in particular the "untenable position" that "the hypothetical 'reasonable consumer' would, as a matter of law, examine the makeup of a daily vitamin supplement[.]" *Brady*, 26 Cal. App. 5th at 1160, 1164 (rejecting the position that the reasonable consumer "*as a matter of law*, necessarily look[s] behind the front label of a jar of [Defendant's] gummies and in the course of that action, would discover that not one gummy but two is what the company recommends."). Indeed, the Court of Appeals explicitly acknowledged that the principle in *Williams* is not so inflexible; it also applies directly to vitamin products such as the ones at issue here. *Brady*, 26 Cal. App. 5th at 1172 (signaling the "important insight from the *Williams* opinion: You cannot take away in the back fine print what you gave on the front in large conspicuous print. The ingredient list must *confirm* the expectations raised on the front, not contradict them.")

Here, the Supplement Facts do not confirm the Products' front label. They provide *additional* information which *contradicts* the dosage representation on the front label. Defendant's expectation that consumers should scour the back of the Product to obtain this additional, contradictory information not only belies ordinary consumer behavior, as 90% of consumers do not even look at the back label according to consumer research (CAC ¶ 34, n.2), but has been also expressly rejected by the Ninth Circuit and the California Court of Appeals. *Walters II*, 701 F. App'x at 670. This is particularly true in the context of companies like Defendant, who hold themselves out as experts on vitamins. *Brady*, 26 Cal. App. 5th at 1163 ("Instead of relying upon lifelong experience that [defendant] is a trustworthy company that has been studying and analyzing our health needs for

---

[3] This decision is not available on Westlaw.

decades and has much more knowledge about those things than laypeople, [defendant] says consumers look at the label and decide just how much [nutrients] they need and then make their purchase after comparing those values with the labels on the vitamin bottles. That's a stretch."). For these reasons, Defendant's arguments run contrary to ordinary consumer behavior and the Ninth Circuit and California jurisprudence which are now fine-tuned in recognition of this consumer behavior.

Defendant's remaining authorities on this issue are equally unavailing. For example, Defendant's reliance on *Ebner* is unfounded. There, the court was clear that the "label does not contradict other representations or inferences on [defendant's] packaging" as there was an "absence of any statement or other depictions anywhere on the package about [the alleged issue]." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 966 (9th Cir. 2016). Here, the dosage representations are plainly stated on the front label and these representations are contradicted by additional information on the back of the Products. Defendant's dependence on *Romero* is not persuasive either. *Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2016 WL 469370, at *7 (N.D. Cal. Feb. 8, 2016) (Freeman, J.). In *Romero*, this Court held that the defendant's "wheat," "wholesome wheat," "healthy grains," and "Healthy White," representations on its bread products could not reasonably mislead consumers about the presence of wheat because the breads indeed contained wheat. *Id.* Here, the Products' label does not merely state "Vitamin C" or "Elderberry" with Plaintiff claiming he was deceived about the presence of other ingredients. Instead, Plaintiff alleges that the Products affirmatively promised a specific dosage per gummy, which they failed to deliver. *Cf. id.* ("[U]nlike in *Williams*, no affirmative misrepresentation is alleged.")

Defendant's reliance on this Court's decision in *Dinan* is also unpersuasive as there, this Court found that "[w]hat ultimately dooms Plaintiff's claims is that Defendant tells the consumer exactly what she is getting: the package *actually* discloses" the curative information and the "consumer is notified of this disclosure by an asterisk directly next to [the alleged misrepresentation]." *Dinan v. Sandisk LLC*, No. 18-CV-05420-BLF, 2019 WL 2327923, at *7 (N.D. Cal. May 31, 2019) ("[A]sterisks are common in both commerce and elsewhere to denote that the 'reader' should be

aware that there is more than meets the eye.")[4] Indeed, this Court in *Dinan* distinguished the case from cases in which "nothing on the package told the consumer to look to the ingredient list[.]" *Id*. (citing *Williams*, 552 F.3d at 939-40). Here, the challenged dosage representations are not modified by an asterisk or other statement referring consumers to clarifying information on the back label. At most, Defendant cites to factually inapposite cases that do not supplant the Ninth Circuit's and the California Court of Appeals decisions in *Walters* and *Brady*, both of which are specifically about dietary supplements. *Brady*, 26 Cal. App. 5th at 1173 ("[T]he cases where an implied promise was qualified by additional language on the package . . . involve prominent language on the *front, or front and top of the product, not fine print on the back*.") (emphasis added).

At the very least, the Court should "decline[] to make the factual determination urged by" Defendant as to how consumers understand or interact with the Products' label, particularly in light of the Ninth Circuit and Court of Appeal's guidance in *Walters*, *Williams*, and *Brady*. *Prescott*, 2020 WL 7075624, at *5; *Brady*, 26 Cal. App. 5th at 1172 ("Bayer feels the reasonable consumer will be so motivated to ascertain the precise amounts of vitamins that *of course* he or she will scrutinize the back. We don't think such a conclusion can be made as a matter of law at the pleading stage. Nothing in law or logic suggests consumers will take such a belt and suspenders approach."); *Williams*, 552 F.3d at 938 ("California courts [] have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer."). Even if the Court finds that Defendant's reading of its own label is one plausible interpretation that consumers may understand from the Product's label, the Court should still refuse to grant Defendant's motion. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (when "there are two alternative explanations, one advanced by

---

[4] Defendant also attempts to differentiate this case from this Court's decision denying the defendant's motion to dismiss in *Broomfield v. Craft Brew Alliance, Inc.*, No. 17-cv-01027-BLF, 2017 WL 3838453 (N.D. Cal. Sept. 1, 2017) (Freeman, J.), claiming that unlike in *Broomfield*, the Supplement Facts here is not "obstructed by the packaging." While the factual differences between *Broomfield* and this action render the decision applicable to the Court's determination herein, to the extent the Court does consider *Broomfield*, the decision only confirms the Ninth Circuit's unambiguous determination that "reasonable consumers" can rely on "representations made on the face of the packaging . . . ." *Id*. at *7 (citing *Williams*, 552 F.3d at 939 (holding that reasonable consumers are not "expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box.")).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

1  defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint
2  survives a motion to dismiss [unless] defendant's plausible alternative explanation is so convincing
3  that plaintiff's explanation is implausible."). For these reasons, Plaintiff has adequately pled his
4  claims for Defendant's violation of the CLRA, FAL, common law fraud, and UCL fraud.

5      **D.**    <u>**Plaintiff Adequately Plead Violations of the UCL**</u>

6        Defendant separately argues that Plaintiff's UCL unfair and unlawful prong claims should be
7  dismissed as well. MTD at 9.  Because Plaintiff has adequately pled that Defendant violates the
8  CLRA, FAL, and fraudulent prong of the UCL, he also adequately alleged that Defendant's conduct
9  is "unlawful" under the UCL. CAC ¶ 54; *Mui Ho v. Toyota Motor Corp.*, 931 F. Supp. 2d 987, 999
10  (N.D. Cal. 2013) ("Plaintiffs can plead a UCL violation under the 'unlawfulness' prong by pleading
11  that a business practice violated a predicate federal, state, or local law" such as the CLRA and
12  California's express and implied warranty statutes.). Defendant admits the same. MTD at 10
13  (admitting that plaintiff "state[s] a claim under [the unlawful] prong" of the UCL when plaintiff
14  "allege[s] that the defendant engaged in a practice that violated a specified federal or California statute
15  or regulation.") (internal quotation marks omitted).  Because Defendant's conduct violates the CLRA,
16  FAL, and the unlawful prong of the UCL, Defendant's conduct also violates the unlawful prong of
17  the UCL.

18        Similarly, because Plaintiff has established that Defendant's conduct violates the CLRA,
19  Plaintiff has adequately demonstrated that Defendant's conduct is "unfair" under the UCL. *Falk v.*
20  *Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1098 (N.D. Cal. 2007) ("This [conduct] constitutes a
21  violation of the CLRA, which in turn can be an unfair practice under the UCL."). Defendant admits
22  the same. MTD at 10. Here, there is no benefit obtained by consumers through Defendant's deceptive
23  labeling practices. *See Dorfman v. Nutramax Labs., Inc.*, No. 13cv0873 WQH (RBB), 2013 WL
24  5353043, at *13 (S.D. Cal. Sept. 23, 2013) (allegations regarding false and misleading claims on label
25  "plausibly suggest that Defendants engaged in an immoral, unethical, oppressive or unscrupulous
26  business practice that caused injury to consumers which outweighed its benefits" under the UCL)
27  (internal quotation marks omitted). Regardless, Defendant's request is premature for resolution as
28  "what is 'unfair' is a question of fact, 'which involves an equitable weighing of all the circumstances

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

. . . .'" *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1171 (9th Cir. 2012). For these reasons, the Court should deny Defendant's motion to dismiss Plaintiff's UCL unfair and unlawful claims.

### E.    Plaintiff Adequately Pleads His Warranty Claims

To successfully plead a breach of express warranty claim under California law, a plaintiff must prove that: (1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached. *See* Cal. Comm. Code § 2313(1); *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 899-900 (N.D. Cal. 2012). In deciding whether a statement or affirmation made by a seller constitutes an express warranty under Cal. Comm. Code § 2313, the Court must decide whether the seller's statement constitutes an affirmation of fact or promise or description of the goods, or whether it is instead "merely the seller's opinion or commendation of the goods . . . ." *Keith v. Buchanan*, 173 Cal. App. 3d 13, 20 (1985) (internal quotation marks omitted).

Here, Plaintiff alleged that: (1) the dosage representations are affirmations of fact that the Products contain a specific dosage of Vitamin C or Elderberry per gummy; (2) the affirmations of fact and promises became part of the basis of the bargain to purchase the Product when Plaintiff relied on the representation when purchasing the Product; and (3) because the dosage misrepresentation was false and misleading, the warranty was breached and Plaintiff was injured. CAC ¶¶ 3-4, 16, 90-91, 94. This is sufficient to state a claim for breach of an express warranty. *Sandoval v. PharmaCare US, Inc.*, 145 F. Supp. 3d 986, 997 (S.D. Cal. 2015) (holding that plaintiff sufficiently alleged a claim for breach of express warranty when "[h]e identifie[d] the specific statements made on the [product's] packaging that promised increased sexual power and performance; he alleges that he and putative class members reasonably relied on those statements; and he alleges that the product did not and cannot provide the promised effects."); *Brady*, 26 Cal. App. 5th at 1178-80 (holding that plaintiff sufficiently pled his express warranty claim "where the front of the label impliedly warrants enough gummies to last 100 days, but the back whittles that figure down to 50," and that "[w]e don't think that the microscopic 'Chew: Two Gummies daily' and 'Serving Size: 2 gummies' on the back is sufficiently conspicuous to modify the implied warranty on the front.").

And to the extent Defendant presents its own interpretation of the dosage representations,

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

the proper interpretation of those representations and whether they constitute an affirmation of fact is a question of fact that is premature at the pleading stage. *See McDonnell Douglas Corp. v. Thiokol Corp.*, 124 F.3d 1173, 1176 (9th Cir. 1997); *Pecanha v. Hain Celestial Grp., Inc.*, No. 17-CV-04517-EMC, 2018 WL 534299, at *8 (N.D. Cal. Jan. 24, 2018) ("Consistent with the [reasonable consumer standard], whether there was a breach of the warranty —*i.e.*, that the deodorant products are [in accordance with the representations on the package]—is a question of fact that cannot be resolved at the 12(b)(6) phase."); *Watson v. Solid Gold Pet, LLC*, No. CV 18-6479 PSG (SSx), 2019 WL 3308766, at *5 (C.D. Cal. Feb. 22, 2019) ("the Court finds that whether Defendant has breached its express warranty is a question of fact that is to be determined through this suit.").

Plaintiff also sufficiently pled his implied warranty claim. Because the Gummies do not contain the dosage per Gummy as is plainly stated on the Products' front label, they do not "[c]onform to the promises or affirmations of fact made on the container or label if any." Cal. Comm. Code § 2314(2)(f). Plaintiff also sufficiently pleaded a breach of implied warranty claim under California law because Plaintiff successfully pleaded a breach of express warranty claim, and pleaded that a reasonable consumer could be plausibly be deceived by the representations, for the reasons stated above. *See Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2017 WL 1065293, at *21 (N.D. Cal. Mar. 21, 2017) ("When an implied warranty of merchantability cause of action is based solely on whether the product in dispute '[c]onforms to the promises or affirmations of fact' on the packaging of the product, the implied warranty of merchantability claim rises and falls with express warranty claims brought for the same product") (quoting *Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917, 933 (N.D. Cal. 2014)); *Jones v. Nutiva, Inc.*, No. 16-cv-00711-HSG, 2016 WL 5210935, at *9 (N.D. Cal. Sept. 22, 2016) (holding that plaintiff adequately plead his claim for breach of implied warranty based on the product's failure to conform to the promises or affirmations of fact on the label when he sufficiently alleged that a reasonable consumer would be deceived by the representation).

Defendant's reliance on *Broomfield* misses the mark. MTD at 11. There, this Court only dismissed the plaintiff's warranty claims because, while the representations were enough to plausibly deceive a consumer regarding the product's geographical origin, the representations were not "unequivocal statements" regarding the beer's origin, but truthful statements. *Broomfield*, 2017 WL

3838453, at *10. However, unlike in *Broomfield*, the representation here is a direct, explicit, and unambiguous statement that each Gummy is crafted with a specific amount of Vitamin C or elderberry. No stretch of imagination is required. Defendant's warped reading of its own label should not be accepted by the Court, particularly given that "Defendant has not proven that its interpretation is the only reasonable interpretation, which means the Court cannot resolve this dispute at the dismissal stage." *Smith v. Keurig Green Mountain, Inc.*, 393 F. Supp. 3d 837, 848 (N.D. Cal. 2019)

Defendant's argument that Plaintiff cannot maintain his claim for breach of implied warranty due to purported privity requirements is equally unavailing. MTD at 11. Courts have been clear that the vertical "[p]rivity is not required when the claim relates to food or other substances intended for consumption by consumers." *Cabrera v. Bayer Healthcare, LLC*, No. LA CV17-08525 JAK (JPRx), 2019 WL 1146828, at *11 (C.D. Cal. Mar. 6, 2019) (denying motion to dismiss warranty claims for lack of privity because the challenged vitamin supplement product was intended for consumption by consumers) (citing *Mexicali Rose v. Super. Ct. of Alameda Cty.*, 1 Cal. 4th 617, 621 (1992)); *Joseph v. J.M. Smucker Co.*, No. CV 17-8735 FMO (KSX), 2019 WL 1219708, at *5 (C.D. Cal. Mar. 13, 2019) (recognizing California's "foodstuffs" exception to the privity requirement and denying motion to dismiss implied warranty claim).  Moreover, as the Ninth Circuit recognized, Plaintiff is also exempt from alleging any vertical privity with Defendant given that Plaintiff is a third-party beneficiary to the transaction between Defendant and the retailer where Plaintiff purchased the Product, Target. CAC ¶ 16; *Mosqueda v. Am. Honda Motor Co., Inc.*, 443 F. Supp. 3d 1115, 1128 (C.D. Cal. 2020) (holding that the "Court agrees with [p]laintiffs" that "they are excepted from the privity requirement as third-party beneficiaries permitted to assert breach of implied warranty claims" under Cal. Comm. Code § 2314) (citing *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir. 2008)). Plaintiff is further exempt from the vertical privity requirement given that Plaintiff relied on the Products' front label. *Roper v. Big Heart Pet Brands, Inc.*, No. 1:19-cv-00406-DAD-BAM, 2020 WL 7769819, at *15 (E.D. Cal. Dec. 30, 2020) holding that "the vertical privity rule does not bar plaintiff's implied warranty claim" when "the plaintiff relies on written labels or advertisements of a manufacturer[.]") (internal quotation marks omitted). For these reasons, Plaintiff has sufficiently pled a claim for breach of implied and express warranty under California law.

### F.     Plaintiff Adequately Pleaded His Claim for Unjust Enrichment

Defendant makes the cursory argument that Plaintiff cannot maintain his claim for unjust enrichment because "his underlying causes of action" purportedly fail and Defendant claims it "did not engage in any misrepresentations or break any promises." MTD at 12. For the reasons stated throughout Plaintiff's Opposition to Defendant's MTD and his CAC, this argument is incorrect. Defendant promises consumers a specific dosage of Vitamin C or Elderberry per gummy, inducing Plaintiff and other consumers to spend their money in reliance of this promise. But Defendant does not deliver on this promise to consumers. CAC ¶¶ 108-110; *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000) ("[T]he elements for a claim of unjust enrichment [are] receipt of a benefit and unjust retention of the benefit at the expense of another."); *Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2015 WL 2125004, at *9 (N.D. Cal. May 6, 2015) (Freeman, J.) (allegations that the defendant enticed the plaintiff to purchase products through misleading labels stated a claim for quasi-contract). Thus, Plaintiff adequately pleaded his claim for unjust enrichment.

### G.     Plaintiff Adequately Pleaded His Claim Under the UTPCPL

Next, Defendant argues that Plaintiff cannot maintain a claim under Pennsylvania's UTPCPL due to lack of standing as he is a California resident who did not allege to have purchased the Products in Pennsylvania. MTD at 12. Defendant's argument fails because, as the Pennsylvania Supreme Court recently recognized, the UTPCPL applies extraterritorially when, as here, the defendant has its headquarters in Pennsylvania. *Danganan v. Guardian Prot. Servs.*, 645 Pa. 181, 195–96 (2018) ("[W]e hold that a non-Pennsylvania resident may bring suit under the UTPCPL against a Commonwealth-headquartered business based on transactions that occurred out-of-state."); CAC ¶ 18. Recognizing that the UTPCPL can be applied extraterritorially, courts have also declined to strike nationwide classes alleged under the Pennsylvania statute. *Dukich v. IKEA US Retail LLC*, No. CV 20-2182, 2021 WL 131284, at *2 n.1 (E.D. Pa. Jan. 14, 2021) ("The fact that plaintiffs are not residents of Pennsylvania does not preclude this action" because "[t]he Pennsylvania Supreme Court has held that non-Pennsylvania residents may bring an action under the UTPCPL against Pennsylvania-based businesses for deceptive practices which occurred in other jurisdictions.") (citing *Danganan*). Regardless, Defendant's request that the Court strike the nationwide class at the pleading

stage is premature. *Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1159 (C.D. Cal. 2012) (refusing to strike plaintiff's nationwide class allegations, holding that it would be "premature" to do so "[u]ntil the Parties have explored the facts in this case . . . "); *see also Chavez v. Wal-Mart Stores, Inc.*, No. CV 13-6429-GHK (PJWx), 2014 WL 12591244, at *2 (C.D. Cal. Mar. 3, 2014) (same, holding that the argument "that Plaintiff lacks standing to assert a nationwide class action" is "unripe at this stage of litigation.") Therefore, Plaintiff, as well as other consumers nationwide, have standing to pursue claims under the UTPCPL.

**H.** **Plaintiff Has Standing To Pursue Injunctive Relief**

Defendant's argument, boiled down to its essence, is that injunctive relief cannot exist in consumer class actions. Defendant argues that because Plaintiff is now aware of the fact that the dosage representation is false, he "cannot plausibly allege that he would be deceived by it in the future." MTD at 13. Defendant's argument stands in opposition to the Ninth Circuit's determination that a plaintiff has standing to pursue a claim injunctive relief, despite now knowing of Defendant's deceptive conduct. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969-70 (9th Cir. 2017) (rejecting argument that prior knowledge of false advertising prohibits standing, holding that "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future" and that the consumer "might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved.") Plaintiff alleged precisely the same. CAC ¶¶ 16-17. As this Court has recognized, these allegations are sufficient to state a claim for injunctive relief. *Broomfield v. Craft Brew All., Inc.*, No. 17-CV-01027-BLF, 2017 WL 5665654, at *4 (N.D. Cal. Nov. 27, 2017) (Freeman, J.) ("[T]he Court agrees with Plaintiffs that Davidson made clear that injunctive relief for consumers must be possible in certain circumstances, such as when a consumer faces an actual and imminent threat of future injury because he or she is (1) unable to rely on the defendant's representations in the future; or (2) may purchase the mislabeled product (as is) in the future.").

Defendant cites to *Hawyuan Yu* to argue that this Court has already held that a plaintiff cannot pursue a claim for injunctive relief when the plaintiff becomes aware of the alleged misconduct. MTD at 13 (citing *Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*, No. 18-cv-06664-BLF, 2020 WL 5910071,

at *8 (N.D. Cal. Oct. 6, 2020) (Freeman, J.)). Defendant misreads *Hawyuan Yu*. There, this Court explicitly held that the plaintiff did not meet the aforementioned pleading requirements in *Davidson*, and that had it not been for the fact that the plaintiff lost his remaining claims, he would have been afforded leave to amend to meet the *Davidson* pleading standards. *Hawyuan Yu*, 2020 WL 5910071, at *8 ("Although the declaration does not clearly establish that Plaintiff could meet the pleading requirement set out in *Davidson*, the Court would have allowed further leave to amend had any substantive claim survived. Since none have survived, the amendment would be futile."). Given that Plaintiff has met the pleading requirements of *Davidson*, CAC ¶¶ 16-17, and that Plaintiff has adequately pled his substantive claims for the reasons stated above, *Hawyuan Yu* is inapposite. *Broomfield*, 2017 WL 5665654, at *4.

Indeed, Defendant's expectation that Plaintiff must be vigilant and investigate Defendant's products for false advertising in the future is neither supported by typical consumer behavior nor expected by the Ninth Circuit's decision in *Davidson*, which precludes requiring consumers to investigate products' back labels for clarifying information. *Prescott v. Bayer HealthCare LLC*, No. 20-cv-00102-NC, 2020 WL 4430958, at *6 (N.D. Cal. July 31, 2020) (relying on *Davidson*, holding that "it is not clear why the burden to avoid future misunderstanding lies with Plaintiffs and not Defendants when it is Defendants' actions that are allegedly unlawful. After all, if the ability to fully review a product label automatically defeats standing for injunctive relief, it is difficult to imagine any mislabeling and formulation case where injunctive relief would be appropriate.") Therefore, Defendant's argument, which would foreclose on all future consumers' standing to pursue injunctive relief in similar consumer class actions, should be rejected.

## I.     Plaintiff Has Standing To Pursue Claims Against the Elderberry Gummies

Next, Defendant argues that Plaintiff does not have standing to pursue claims challenging the Elderberry Gummies because he did not allege to have purchased them. MTD at 15-16. While Defendant admits that courts extend standing to unpurchased products when there is substantial similarity between the products, Defendant argues that the test is not met when, as here, the Products contain a few different ingredients or that the packaging is a different color. *Id.*

As this Court and the Ninth Circuit has recognized, the substantial similarity test is not so

restrictive. *Romero*, 2016 WL 469370, at *10 ("The Ninth Circuit has held that in 'determining what constitutes the same type of relief or the same kind of injury, we must be careful not to employ too narrow or technical an approach. Rather, we must examine the questions realistically: we must reject the temptation to parse too finely, and consider instead the context of the inquiry.'") (citing *Armstrong v. Davis*, 275 F.3d 849, 867 (9th Cir. 2001)). Rather, as this Court further recognizes, the substantial similarity test looks to the **type of injury** sustained. *Id.* at *11 ("[A]s long as a bread product is labeled 'no artificial preservative, colors and flavors' but contains one of the listed chemical ingredients, a consumer who purchases the product relying on that label suffers the same injury, regardless of whether the product is whole wheat bread or a cinnamon raisin bagel.") The same applies here. It does not matter that one product tastes more akin to citrus, or that one bottle is orange and the other is purple. Rather, consumers are deceived in precisely the same manner, regardless of which Product they purchase: they are told that each Gummy contains a specific dosage, when in reality it takes three Gummies to obtain that dosage. This is sufficient to meet the substantial similarity test because it relies on a common theory of injury. *Brazil v. Dole Food Co., Inc.*, No. 12-CV-01831-LHK, 2013 WL 5312418, at *7 (N.D. Cal. Sept. 23, 2013) ("This is the entire point of the substantially similar approach: by limiting a plaintiff's ability to sue over products he did not purchase to situations involving claims and products that are substantially similar to those products he did purchase, courts ensure that the plaintiff is seeking to represent only those individuals who have suffered *essentially the same injury as the plaintiff*.") (emphasis added); *Moore v. Mars Petcare USA¸ Inc.*, 966 F.3d 1022, 1021 n.13 (9th Cir. 2020) (rejecting argument regarding standing to challenge unpurchased products, because "Plaintiffs' challenge to prescription pet foods is to the **common scheme** of the prescription requirement and prescription-based advertising.") (emphasis added).

The additional representations, which have nothing to do with the dosage-per-unit representation, are simply inconsequential. *Morgan v. Wallaby Yogurt Co., Inc.*, No. 13-CV-00296-WHO, 2014 WL 1017879, at *8 (N.D. Cal. Mar. 13, 2014) (holding that the "additional modifier" of "'organic'" to the challenged "'evaporated cane juice'" representation is inconsequential to the court's substantial similarity approach as "the plaintiffs make no allegations concerning the term 'organic.'"). For these reasons, Plaintiff can pursue claims on behalf of products he did not allege to

have purchased.

**J.** **Plaintiff Has Standing To Pursue Claims On Behalf of a Nationwide Class**

Finally, Defendant seeks to strike Plaintiff's nationwide class allegations, arguing that Plaintiff cannot maintain his UTPCPL claim on behalf of a Nationwide class because Plaintiff's claims must be adjudicated under California law. MTD at 15. For the reasons stated in Section G, *supra*, Defendant is incorrect. The Pennsylvania Supreme Court has explicitly held that "a non-Pennsylvania resident . . . may bring suit under the UTPCPL against a Commonwealth-headquartered business based on transactions that occurred out-of-state." *Danganan*, 645 Pa. at 195–96; *Dukich*, 2021 WL 131284, at *2, n.1 (holding that dismissal of plaintiffs' nationwide "class allegations is premature at this early stage" and that "[t]he Pennsylvania Supreme Court has held that non-Pennsylvania residents may bring an action under the UTPCPL against Pennsylvania-based businesses for deceptive practices which occurred in other jurisdictions."). For these reasons, the Court should decline to strike the nationwide class allegations.

**VI.** **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's MTD in its entirety. However, if the Court is inclined to grant any part of Defendant's Motion, Plaintiff respectfully requests leave to amend pursuant to Rule 15.

Dated: January 29, 2021

**FARUQI & FARUQI, LLP**

By: */s/ Benjamin Heikali*
Benjamin Heikali (SBN 307466)
Joshua Nassir (SBN 318344)
Ruhandy Glezakos (SBN 307473)
10866 Wilshire Blvd., Suite 1470
Los Angeles, CA 90024
Telephone: 424.256.2884
Fax: 424.256.2885
E-mail:  bheikali@faruqilaw.com
jnassir@faruqilaw.com
rglezakos@faruqilaw.com