| | |
|---|---|
| Emily Reitmeier (SBN 305512)<br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>525 University Avenue, Suite 1400<br>Palo Alto, CA 94301<br>Telephone: (650) 470-4500<br>Facsimile: (650) 470-4570<br>emily.reitmeier@skadden.com<br><br>Jessica Davidson Miller (*Pro Hac Vice*)<br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>1440 New York Avenue N.W.<br>Washington, DC 20005<br>Telephone: (202) 371-7000<br>Facsimile: (202) 393-5760<br>jessica.miller@skadden.com<br>*Attorneys for Defendant* | |

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY CIMOLI, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ALACER CORP.,<br><br>        Defendant. | **CASE NO. 5:20-cv-07838-BLF**<br><br>**DEFENDANT ALACER CORP.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE PARTIALLY STRIKE CLASS CLAIMS**<br><br>Date: June 3, 2021<br>Time: 9:00 am<br>Courtroom: 3, 5th Floor<br>Judge: Beth Labson Freeman<br><br>Action Filed: November 5, 2020 |

Defendant's Reply in Support of Motion to Dismiss or in the Alternative Partially Strike Class Claims - 5:20-cv-07838-BLF

# TABLE OF CONTENTS

                                                               **Page**

ARGUMENT .................................................................................................................. 2

    I.    PLAINTIFF'S CALIFORNIA CLAIMS SHOULD BE DISMISSED. ................. 2

          A.    Plaintiff's Fraud-Based Claims Should Be Dismissed. ............................ 2

          B.    Plaintiff's Warranty Claims Should Be Dismissed. ................................. 5

                1.    Plaintiff Has Not Pled That Defendant Breached A Promise. ......... 5

                2.    Plaintiff's Implied Warranty Claim Fails For Lack Of Privity. ....... 6

    II.    BECAUSE PLAINTIFF'S CLAIMS ARE GOVERNED BY THE LAW OF CALIFORNIA, HE CANNOT ASSERT A PENNSYLVANIA CLAIM. ............ 8

    III.    PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF. ..............10

    IV.    IN THE ALTERNATIVE, PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE STRICKEN IN PART...................................................................12

          A.    The Court Should Strike The Nationwide Class Allegations....................12

          B.    The Court Should Strike The Class Claims Concerning Elderberry Gummies. ...............................................................................................13

CONCLUSION ...............................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Almond v. Janssen Pharmaceuticals, Inc.*,
 --- F.R.D. ----, 2020 WL 6545892 (E.D. Pa. Nov. 6, 2020) ........................................................9

*Ang v. Bimbo Bakeries USA, Inc.*,
 No. 13-cv-01196-WHO, 2014 WL 1024182 (N.D. Cal. Mar. 13, 2014) ...................................13

*Bobo v. Optimum Nutrition, Inc.*,
 No. 14CV2408 BEN (KSC), 2015 U.S. Dist. LEXIS 187233 (S.D. Cal. Sept. 11, 2015).............3

*Broomfield v. Craft Brew Alliance, Inc.*,
 No. 17-cv-01027-BLF, 2017 WL 3838453 (N.D. Cal. Sept. 1, 2017)............................... 5, 6, 12

*Broomfield v. Craft Brew Alliance, Inc.*,
 No. 17-cv-01207-BLF, 2017 WL 5665654 (N.D. Cal. Nov. 27, 2017) .....................................10

*Brown v. Hain Celestial Group, Inc.*,
 913 F. Supp. 2d 881 (N.D. Cal. 2012)........................................................................................5

*Bush v. Mondelez International, Inc.*,
 No. 16-cv-02460-RS, 2016 WL 5886886 (N.D. Cal. Oct. 7, 2016) ............................................3

*Cabrera v. Bayer Healthcare, LLC*,
 No. LA CV17-08525 JAK (JPRx), 2019 WL 1146828 (C.D. Cal. Mar. 6, 2019).......................7

*Carpenter v. PetSmart, Inc.*,
 441 F. Supp. 3d 1028 (S.D. Cal. 2020) ....................................................................................12

*Chavez v. Wal-mart Stores, Inc.*,
 No. CV 13-6429-GHK (PJWx), 2014 WL 12591244 (C.D. Cal. Mar. 3, 2014) .......................12

*Cheslow v. Ghirardelli Chocolate Co.*,
 --- F. Supp. 3d ----, 2020 WL 6342929 (N.D. Cal. Oct. 29, 2020) .............................................3

*Clemens v. DaimlerChrysler Corp*,
 534 F.3d 1017 (9th Cir. 2008)....................................................................................................8

*Cordes v. Boulder Brands USA, Inc.*,
 No CV 18-6534 PSG (JCx), 2018 WL 6714323 (C.D. Cal. Oct. 17, 2018)..............................11

*Danganan v. Guardian Protection Services*,
 No. 15-1495, 2019 WL 2464770 (W.D. Pa. June 13, 2019) ......................................................9

*Davidson v. Kimberly-Clark Corp.*,
 873 F.3d 1103 (9th Cir. 2017)..................................................................................................11

*Davidson v. Kimberly-Clark Corp.*,
 889 F.3d 956 (9th Cir. 2018) ................................................................................. 10, 11

*DeArmey v. Hawaiian Isles Kona Coffee Co.*,
 No. SACV 19-432 JVS (KESx), 2019 WL 6723413 (C.D. Cal. July 22, 2019) ........................ 6-7

*Dysthe v. Basic Research LLC*,
 No. CV 09-8013 AG (SSx), 2011 WL 5868307 (C.D. Cal. June 13, 2011) ............................... 13

*Easter v. American West Financial*,
 381 F.3d 948 (9th Cir. 2004) ..................................................................................... 12

*Ebner v. Fresh, Inc.*,
 838 F.3d 958 (9th Cir. 2016) ..................................................................................... 2, 4

*Forcellati v. Hyland's, Inc.*,
 876 F. Supp. 2d 1155 (C.D. Cal. 2012) ....................................................................... 9, 12

*Goldman v. Bayer AG*,
 No. 17-cv-0647-PJH, 2017 WL 3168525 (N.D. Cal. July 26, 2017) ........................................... 4

*Hadley v. Kellogg Sales Co.*,
 273 F. Supp. 3d 1052 (N.D. Cal. 2017) .......................................................................... 6

*Ham v. Hain Celestial Group, Inc.*,
 70 F. Supp. 3d 1188 (N.D. Cal. 2014) ............................................................................. 7

*Hammock v. Nutramarks, Inc.*,
 No. 15cv2056 BTM (NLS), 2016 WL 4761784 (S.D. Cal. Sept. 12, 2016) ........................... 6, 8

*Jones v. Nuvita, Inc.*,
 No. 16-cv-00711-HSG, 2016 WL 5210935 (N.D. Cal. Jan. 22, 2016) ........................................ 6

*Joseph v. J.M. Smucker Co.*,
 No. CV 17-8735 FMO (KSx), 2019 WL 1219708 (C.D. Cal. Mar. 13, 2019) ............................. 7

*Loomis v. Slendertone Distribution, Inc.*,
 420 F. Supp. 3d 1046 (S.D. Cal. 2019) ........................................................................ 7, 8

*Matic v. United States Nutrition, Inc.*,
 No. CV 18-9592 PSG (AFMx), 2019 WL 3084335 (C.D. Cal. Mar. 27, 2019) ................... 10, 11

*Mazza v. American Honda Motor Co.*,
 666 F.3d 581 (9th Cir. 2012) ....................................................................................... 9

*Morgan v. Wallaby Yogurt Co.*,
 No. 13-cv-00269-WHO, 2014 WL 1017879 (N.D. Cal. Mar. 13, 2014) .................................. 13

*Pardini v. Unilever United States, Inc.*,
 961 F. Supp. 2d 1048 (N.D. Cal. 2013) ......................................................................... 12

*Pecanha v. Hain Celestial Group, Inc.*,
  No. 17-cv-04517-EMC, 2018 WL 534299 (N.D. Cal. Jan. 24, 2018) ........................................6

*Prescott v. Bayer HealthCare LLC*,
  No. 20-cv-00102-NC, 2020 WL 4430958 (N.D. Cal. July 31, 2020) ......................................11

*Punian v. Gillette Co.*,
  No. 14-CV-05028-LHK, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) ..................................2

*Romero v. Flowers Bakeries, LLC*,
  No. 14-cv-05189-BLF, 2016 WL 469370 (N.D. Cal. Feb. 8, 2016) ...................................13-14

*Roper v. Big Heart Pet Brands, Inc.*,
  --- F. Supp. 3d ----, 2020 WL 7769819 (E.D. Cal. Dec. 30, 2020) .........................................8

*Sandoval v. PharmaCare US, Inc.*,
  145 F. Supp. 3d 986 (S.D. Cal. 2015) ................................................................................5-6

*Shanks v. Jarrow Formulas, Inc.*,
  No. LA CV 18-09437 PA (AFMx), 2019 WL 7905745 (C.D. Cal. Dec. 27, 2019) ..................11

*Simon v. Eastern Kentucky Welfare Rights Organization*,
  426 U.S. 26 (1976) ..............................................................................................................11

*In re Sony PS3 Other OS Litigation*,
  No. C 10-1811 RS, 2011 WL 672637 (N.D. Cal. Feb. 17, 2011) ............................................8

*Stewart v. Electrolux Home Products, Inc.*,
  304 F. Supp. 3d 894 (E.D. Cal. 2018) ..................................................................................7

*Stiles v. Trader Joe's Co.*,
  No. CV 16-04318 TJH (KSx), 2017 WL 3084267 (C.D. Cal. Apr. 4, 2017) ...........................3

*Walters v. Vitamin Shoppe Industries, Inc.*,
  701 F. App'x 667 (9th Cir. 2017) .......................................................................................3, 4

*Williams v. Gerber Products Co.*,
  552 F.3d 934 (9th Cir. 2008) ................................................................................................3

*Workman v. Plum Inc.*,
  141 F. Supp. 3d 1032 (N.D. Cal. 2015) ................................................................................3

**STATE CASES**

*Atkinson v. Elk Corp. of Texas*,
  48 Cal. Rptr. 3d 247 (Ct. App. 2006) ...................................................................................8

*Brady v. Bayer Corp.*,
  237 Cal. Rptr. 3d 683 (Ct. App. 2018) ..............................................................................3, 6

*Burr v. Sherwin Williams Co.*,
    268 P.2d 1041 (Cal. 1954) .................................................................................... 6, 7, 8

*Danganan v. Guardian Protection Services*,
    179 A.3d 9 (Pa. 2018) ............................................................................................. 8, 9

*Mexicali Rose v. Superior Court of Alameda County*,
    822 P.2d 1292 (Cal. 1992) ............................................................................................ 7

*Skylor v. Nordic Naturals, Inc.*,
    No. CGC-17-562382, 2018 Cal. Super. LEXIS 2414 (Mar. 8, 2018) ..................... 4, 5

**STATE STATUTES**

Cal. Com. Code § 2313 ........................................................................................................ 5

Cal. Com. Code § 2314(2)(f) ................................................................................................ 5

Plaintiff's opposition brief confirms that his Complaint should be dismissed in its entirety, or at a minimum, that the putative class should be partially stricken, for all of the reasons set forth in defendant's opening brief.

*First*, all of plaintiff's California claims should be dismissed for failure to state a claim. Plaintiff's fraud-based claims fail because he has not identified any statement on the Emergen-C packaging that would deceive a reasonable consumer. The statements "750 mg Vitamin C" and "Crafted with 50 mg of elderberry juice concentrate" are accurate descriptions of the amount of each ingredient per serving, and the serving sizes are clearly explained on the product packaging. Plaintiff's contrary argument boils down to the assertion that the front of a package is misleading any time it reports the amount of an ingredient per serving without also reporting the serving size on the same part of the packaging. But plaintiff's cases do not support that proposition, instead addressing situations where allegedly false claims made on the front of the package are contradicted by small print found elsewhere on the packaging. Plaintiff's warranty claims fail for similar reasons and, in the case of the implied warranty claim, independently fail for lack of privity because none of the exceptions to that requirement is applicable.

*Second*, because plaintiff's consumer protection claims are governed by California law under this State's choice-of-law rules, he has no basis to assert any claims under Pennsylvania law, either on behalf of himself or on behalf of a putative class, and those claims must be dismissed. While plaintiff argues that the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") might substantively apply to certain extraterritorial purchases, that is beside the point. The question here is choice of law, and the answer could not be clearer in California precedents.

*Third*, plaintiff's claim for injunctive relief should be dismissed for lack of standing because he is now indisputably aware of the alleged misrepresentation and does not require injunctive relief to avoid alleged confusion in the future. Plaintiff contends that injunctive relief remains available in such situations, but the caselaw makes it clear that such relief is available only where the plaintiff can show a real risk that he will be confused going forward. Plaintiff has not plausibly alleged any such risk here, and he therefore lacks standing to seek injunctive relief.

Defendant's Reply in Support of Motion to Dismiss or in the Alternative Partially Strike Class Claims - 5:20-cv-07838-BLF

*Finally*, to the extent any of plaintiff's claims survive, the putative class should be partially stricken because there is no basis for a nationwide class, and plaintiff seeks to represent purchasers of Elderberry Gummies, a product that he did not buy and that contains a different alleged misrepresentation from the product that he claims he did purchase.

## ARGUMENT

### I. PLAINTIFF'S CALIFORNIA CLAIMS SHOULD BE DISMISSED.

All of plaintiff's causes of action under California law should be dismissed for failure to state a claim. Plaintiff's arguments in response lack merit.[1]

#### A. Plaintiff's Fraud-Based Claims Should Be Dismissed.

As explained in defendant's opening brief, plaintiff's claims for violation of the FAL, the CLRA, and the UCL, as well as his claim for common law fraud, should be dismissed because the packaging of Emergen-C Immune Support Gummies ("Immune Support Gummies") and Elderberry Immune+ Immune Support Gummies ("Elderberry Gummies") would not deceive a reasonable consumer into believing that each gummy contains 750 mg of Vitamin C or 50 mg of elderberry juice concentrate. (Mot. 6-10.)

Plaintiff does not dispute that the "'reasonable consumer' test," *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965-66 (9th Cir. 2016), governs his claims for statutory fraud. (*See* Mot. at 6; Pl.'s Opp'n at 5.)[2] Instead, plaintiff argues that a reasonable consumer would not be expected to review the nutrition or drug facts panel – ubiquitous on all packaged food and supplements – to determine the serving size. (*See* Pl.'s Opp'n at 6-7.) But plaintiff's argument rests on an inapposite line of

---

[1] Because both parties agree that plaintiff's claim for unjust enrichment rises or falls with his substantive causes of action, this reply does not address that claim separately.

[2] Plaintiff does not point to any other basis, besides the purportedly misleading nature of the product packaging, for his UCL claims, essentially conceding that he does not have independent claims under the unfair or unlawful prongs of the UCL. (*See* Pl.'s Opp'n at 12.) *See also, e.g.*, *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2016 WL 1029607, at *17 (N.D. Cal. Mar. 15, 2016).

2
Defendant's Reply in Support of Motion to Dismiss or in the Alternative Partially Strike Class Claims - 5:20-cv-07838-BLF

cases that address a situation where nutritional information on the side panel of a food or supplement product does not "*confirm* the expectations from the front, but in fact *contradicts* them." *Brady v. Bayer Corp.*, 237 Cal. Rptr. 3d 683, 700 (Ct. App. 2018) (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008)) (cited in Pl.'s Opp'n at 11, along with *Walters v. Vitamin Shoppe Indus., Inc.*, 701 F. App'x 667 (9th Cir. 2017), which also relies on *Williams*). In *Williams*, the plaintiff's principal complaint was that a product called "Fruit Juice Snacks" that prominently featured pictures of fruit on the front of the product packaging was misleading because it did not actually contain fruit juice. 552 F.3d at 939. In *Brady*, the product name – "One A Day" – was prominently displayed on the front of the package, but the consumer had to take two vitamins a day to receive the recommended daily dose. 237 Cal. Rptr. 3d at 696. In other words, these are cases involving front-label claims that courts found to be "literally false." *Id.*; *see also id.* at 697 (concluding that the "One A Day" case was "similar" to *Williams*).

Here, by contrast, plaintiff does not identify any "literal[] false[hood]," or anything close to it. Rather, this case involves products where the front of the package would cue the consumer to look for the "more detailed information" on the side or back of the container, which courts have repeatedly concluded does not constitute an actionable deception. *Workman v. Plum Inc.*, 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (quoting *Williams*, 552 F.3d at 939); *Bush v. Mondelez Int'l, Inc.*, No. 16-cv-02460-RS, 2016 WL 5886886, at *3 (N.D. Cal. Oct. 7, 2016) (A "potential ambiguity" on the front of a product package "c[an] be resolved by the back panel of the" same package.) (citation omitted); *Cheslow v. Ghirardelli Chocolate Co.*, --- F. Supp. 3d ----, 2020 WL 6342929, at *5 (N.D. Cal. Oct. 29, 2020) ("Here, there is no literal falseness on the product's front label so this is not a case where the back label conflicts with any affirmative statement on the front label.") (distinguishing *Williams*); *Bobo v. Optimum Nutrition, Inc.*, No. 14CV2408 BEN (KSC), 2015 U.S. Dist. LEXIS 187233, at *12 (S.D. Cal. Sept. 11, 2015) (granting motion to dismiss in light of "numerous [accurate] statements" included in "nutrition panel"); *Stiles v. Trader Joe's Co.*, No. CV 16-04318 TJH (KSx), 2017 WL 3084267, at *4 (C.D. Cal. Apr. 4, 2017) ("no reasonable reader . . . could ignore" "ingredients list"). (*See also* Mot. at 8-9.)

In *Ebner*, for example, the plaintiff contended that a literally true statement about the weight of lip balm in a tube was nevertheless misleading because a plastic stop device prevented a quarter of the product from advancing past the opening of the tube containing the lip balm, making it not reasonably accessible. The plaintiff argued that, under *Williams*, the representation was actionable because it was probable that a significant portion of the public would be misled. The Ninth Circuit rejected this allegation, explaining that the package accurately listed the amount of product; it made no statement in "words, pictures, or diagrams" about "how much of [it] c[ould] be accessed;" and there was no "contradict[ion] [of] other representations or inferences" on the packaging. 838 F.3d at 966. Thus, "unlike in *Williams*, there [was] no deceptive act to be dispelled." *Id.* Similarly, in *Skylor*, which involved facts nearly identical to those here, the court concluded that no reasonable consumer could be deceived merely because multiple gummies were required to obtain the recommended serving of Omega-3, where the front label was silent as to serving size. *See Skylor v. Nordic Naturals, Inc.*, No. CGC-17-562382, 2018 Cal. Super. LEXIS 2414, at *6 (Mar. 8, 2018).[3]

Relying on the Ninth Circuit's unpublished, non-precedential opinion in *Walters*, plaintiff argues that this case is more akin to the "literally false" labels in *Williams* and *Brady* than to cases like *Ebner*. (*See* Pl.'s Opp'n at 6-8.) In *Walters*, the Ninth Circuit reversed dismissal of fraud-based claims under Oregon law involving similar allegations to those here, holding that the plaintiff "did not have a duty to validate claims on the front of a product's label by cross-checking them against information contained in small print on the back." 701 F. App'x at 670 (citing *Williams*). *Walters* appears to suggest that merely stating the amount of any ingredient on the front label would be deceptive unless the serving size is listed in the same place. This cursory, non-

---

[3] While plaintiff attempts to discredit *Skylor* because it cited *Goldman v. Bayer AG*, No. 17-cv-0647-PJH, 2017 WL 3168525 (N.D. Cal. July 26, 2017), a decision that was later remanded for further consideration by the Ninth Circuit, the *Skylor* case primarily applied the logic of *Ebner* to explain why the package at issue was not misleading, *Skylor*, 2018 Cal. Super. LEXIS 2414, at *3-5.

precedential opinion should not be followed because it ignores the fundamental question asked by courts in the Ninth Circuit: does the side label confirm, clarify or contradict the information provided on the front of the packaging? Here, because the label clarifies the information on the front packaging, the label is not deceptive. This is all the more true because the serving size is not an obscure detail buried in a hard-to-find corner of packaging. Rather, it is standardized information that every consumer is familiar with because it is included on all packaged foods and supplements. Thus, none of the concerns that led cases like *Williams* and *Brady* to allow misrepresentation claims to proceed were present in *Walters*, and the court should have affirmed dismissal in that case.

In short, the labels at issue provide information that would prompt reasonable consumers to consult the side labels for more detailed serving size and nutrition information, just as they would on every package of food and every nutritional supplement sold in the supermarket or drugstore. For this reason alone, the Court should dismiss plaintiff's consumer fraud and common law fraud claims under California law.

### B. Plaintiff's Warranty Claims Should Be Dismissed.

#### 1. Plaintiff Has Not Pled That Defendant Breached A Promise.

The parties agree that plaintiff's claims for breach of express and implied warranty require that he show "an affirmation of fact or promise" that defendant failed to meet. (*See* Mot. at 10-11; Pl.'s Opp'n at 13-14.) *See also* Cal. Com. Code §§ 2313, 2314(2)(f). This standard, which is even more demanding than the standard for claims sounding in fraud, requires "an ***unequivocal*** statement or promise" that is not true. *Broomfield v. Craft Brew Alliance, Inc.*, No. 17-cv-01027-BLF, 2017 WL 3838453, at *10 (N.D. Cal. Sept. 1, 2017) (Freeman, J.) (emphasis added) ("*Broomfield I*"). The cases plaintiff cites largely serve to underscore that requirement because they involve express and unequivocal falsehoods. *See Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 884 (N.D. Cal. 2012) ("marketed, sold, and labeled as organic products when they were not organic"); *Sandoval v. PharmaCare US, Inc.*, 145 F. Supp. 3d 986, 990, 997 (S.D. Cal. 2015) ("specific statements . . . promised increased sexual power and performance" such as

5
Defendant's Reply in Support of Motion to Dismiss or in the Alternative Partially Strike Class Claims - 5:20-cv-07838-BLF

"designed to intensify your endurance, stamina, and sexual performance" and "[a]chieve peak performance" despite "no evidence"); *Brady*, 237 Cal. Rptr. 3d at 696, 700 ("One A Day" when two vitamins a day were required); *Pecanha v. Hain Celestial Grp., Inc.*, No. 17-cv-04517-EMC, 2018 WL 534299, at *1 (N.D. Cal. Jan. 24, 2018) ("[p]ure natural" for products that "actually use[d] synthetic ingredients"); *Jones v. Nuvita, Inc.*, No. 16-cv-00711-HSG, 2016 WL 5210935, at *9 (N.D. Cal. Jan. 22, 2016) ("actionable . . . warranty 'must be specific and unequivocal'") (citation omitted); *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1092-93 (N.D. Cal. 2017) (discussing "specific and unequivocal" requirement).

Here, by contrast, as discussed above, the Emergen-C packaging lacks any "specific and unequivocal" representation that a serving equals one gummy, and therefore does not include "an express promise." *Broomfield I*, 2017 WL 3838453, at *10. Plaintiff attempts to distinguish this Court's ruling in *Broomfield I* by making the conclusory assertion that the packages here involve "a direct, explicit, and unambiguous statement that each [g]ummy is crafted with" the stated amount "of Vitamin C or elderberry." (Pl.'s Opp'n at 15.) But that is simply not true. The packaging on Immune Support Gummies does not say "each gummy is crafted with" a certain amount of any ingredient. Nor does it state, for example, "750 mg of Vitamin C per gummy," or suggest that one gummy is enough to provide the promised nutrients with a phrase like "One A Day" or "45 gummies lasts 45 days." In short, plaintiff is attacking promises that were never made, which obviously cannot support a claim for breach of warranty.

2. Plaintiff's Implied Warranty Claim Fails For Lack Of Privity.

Plaintiff's implied warranty claim is separately subject to dismissal because he allegedly bought Immune Support Gummies from Target, not from Alacer, and therefore cannot plead privity. Plaintiff concedes the privity requirement as a general rule, but points to three supposedly applicable exceptions. None of them applies to his case.

*First*, plaintiff's invocation of an exception "relat[ed] to food or other substances intended for consumption" (Pl.'s Opp'n at 15 (citation omitted)) is misplaced because that exception applies exclusively where "the products purchased [are] unfit for human consumption," *DeArmey v. Haw.*

*Isles Kona Coffee Co.*, No. SACV 19-432 JVS (KESx), 2019 WL 6723413, at *5 (C.D. Cal. July 22, 2019); *see Burr v. Sherwin Williams Co.*, 268 P.2d 1041, 1048 (Cal. 1954) ("in cases involving foodstuffs . . . an implied warranty *of fitness for human consumption* runs from the manufacturer to the ultimate consumer") (emphasis added); *Hammock v. Nutramarks, Inc.*, No. 15cv2056 BTM (NLS), 2016 WL 4761784, at *5 (S.D. Cal. Sept. 12, 2016) ("The [p]roducts were fit for human consumption . . . . Therefore, the policy behind California's exception for foodstuffs should not apply in this case."). Indeed, one of the cases that plaintiff cites in his brief acknowledges as much. *See Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1196 (N.D. Cal. 2014) (cited in Pl.'s Opp'n at 5) ("[t]he 'foodstuffs exception' only applies to alleged breaches of the implied warranty of fitness for human consumption").

Plaintiff cites two cases that purport to apply the foodstuffs exception in consumer-fraud cases like this one, but it appears that neither court was aware of the limits of the exception. *See Cabrera v. Bayer Healthcare, LLC*, No. LA CV17-08525 JAK (JPRx), 2019 WL 1146828, at *10 (C.D. Cal. Mar. 6, 2019) (citing only *Mexicali Rose v. Superior Court of Alameda Cty.*, 822 P.2d 1292 (Cal. 1992), a case discussing privity in the context of adulterated food); *Joseph v. J.M. Smucker Co.*, No. CV 17-8735 FMO (KSx), 2019 WL 1219708, at *5 (C.D. Cal. Mar. 13, 2019) (quoting *Burr*, 268 P.2d at 1048, for the proposition that "an exception to the requirement of privity has been made in cases involving foodstuffs" for the "implied warranty of *fitness for human consumption*" along with two cases that do not apply the exception) (emphasis added).

***Second***, plaintiff's contention that he is excused from the privity requirement as a third-party beneficiary (Pl.'s Opp'n at 15) is likewise unavailing. As multiple courts have explained, "there is no third-party beneficiary exception to California's privity requirement," *Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046, 1088 (S.D. Cal. 2019); *see, e.g.*, *Stewart v. Electrolux Home Prods., Inc.*, 304 F. Supp. 3d 894, 915 (E.D. Cal. 2018) (precedent "forecloses a third-party-beneficiary exception to the rule of privity"), and "no published decision of a California [state] court has applied [the third-party beneficiary] doctrine in the context of a consumer claim against a product manufacturer," *Loomis*, 420 F. Supp. 3d at 1089 (citation omitted). Given the

"painstaking[]" work by the California courts to "establish[] the scope of the privity requirement," federal courts should not take it upon themselves to expand it. *Id.* (quoting *Clemens v. DaimlerChrysler Corp*, 534 F.3d 1017, 1024 (9th Cir. 2008)).

***Third***, plaintiff's assertion that there is no privity requirement when a plaintiff relies on a written label also lacks merit. As defendant explained in its opening brief, the California Supreme Court has clearly held that this exception is only applicable to ***express*** warranty claims. (*See* Mot. at 11 (citing *Burr*, 268 P.2d at 1049 and *Loomis*, 420 F. Supp. 3d at 1088).) *See also, e.g.*, *Hammock*, 2016 WL 4761784, at *5 n.1 (exception for "reliance on labels . . . only applicable to claims for breach of express warranty"). Plaintiff's sole authority, *Roper v. Big Heart Pet Brands, Inc.*, --- F. Supp. 3d ----, 2020 WL 7769819 (E.D. Cal. Dec. 30, 2020), accepted the parties' concession that the "implied and express warranty claims [were] tied together for purposes of resolving the pending motion." *Id.* at *15. To the extent the court intended to apply its holding to standalone implied warranty claims, it relied on *Atkinson v. Elk Corp. of Texas*, 48 Cal. Rptr. 3d 247 (Ct. App. 2006), which has been aptly labeled "dicta . . . [that] is not consistent with clear California precedent," *In re Sony PS3 Other OS Litig.*, No. C 10-1811 RS, 2011 WL 672637, at *4 (N.D. Cal. Feb. 17, 2011). This Court should follow "clear California precedent," which does not recognize an exception from the privity requirement for reliance on written labels in the context of implied warranty claims.

## II. BECAUSE PLAINTIFF'S CLAIMS ARE GOVERNED BY THE LAW OF CALIFORNIA, HE CANNOT ASSERT A PENNSYLVANIA CLAIM.

Under this State's unequivocal choice-of-law rules, plaintiff's claims are governed by California law, because this is the State where he allegedly purchased the product at issue in his lawsuit. Plaintiff argues that Pennsylvania authorizes the UTPCPL to apply beyond its borders, but that it not the relevant question. Regardless of what Pennsylvania may or may not allow, California's choice-of-law rules impose an ***independent*** barrier to asserting a claim under the UTPCPL in this Court, one that plaintiff does not even try to surmount.

Plaintiff's argument that he can bring a UTPCPL claim is based entirely on *Danganan v. Guardian Protection Services*, 179 A.3d 9 (Pa. 2018). But that case ***expressly rejected*** the

8
Defendant's Reply in Support of Motion to Dismiss or in the Alternative Partially Strike Class Claims - 5:20-cv-07838-BLF

interpretation plaintiff advances here – that the Pennsylvania statute could somehow supersede a different forum's rules on choice of law. In response to the defendant's concern that an overly broad interpretation of the Pennsylvania statute would allow "any person around the globe [to] file a cause of action pursuant to the UTPCPL without any connection to the Commonwealth," the court explained that "choice-of-law rules" would offer independent "limitations." 179 A.3d at 17. And after the Pennsylvania Supreme Court answered the certified question in *Danganan*, the federal district court to which the case was returned expressly noted that "***choice-of-law rules can bar UTPCPL claims by those without any connection to Pennsylvania***." *Danganan v. Guardian Prot. Servs.*, No. 15-1495, 2019 WL 2464770, at *1 (W.D. Pa. June 13, 2019) (emphasis added), *aff'd*, 813 F. App'x 769 (3d Cir. 2020);[4] *see also, e.g.*, *Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1160 (C.D. Cal. 2012) (cited in Pl.'s Opp'n at 17) (criticizing party for "conflat[ing] two issues: the extraterritorial application of . . . consumer protection laws . . . and choice-of-law analysis"). Consistent with these pronouncements, one subsequent decision expressly rejected a nationwide class under Pennsylvania law notwithstanding *Danganan*, explaining that choice-of-law rules prevented application of Pennsylvania law to a nationwide class, regardless of whether the UTPCPL's terms could theoretically reach extraterritorial conduct. *Almond v. Janssen Pharms., Inc.*, --- F.R.D. ----, 2020 WL 6545892, at *2-3 (E.D. Pa. Nov. 6, 2020) (granting motion to strike nationwide class allegations based on Pennsylvania law because *Danganan* did "not address[] how choice-of-law rules may limit the scope of the UTPCPL's reach").

Plaintiff's failure to even attempt a choice-of-law analysis is dispositive. As plaintiff's own authority makes clear, the burden is on the proponent of foreign law to show why it should apply. *See Forcellati*, 876 F. Supp. 2d at 1160. And as defendant explained in its opening brief, California's three-step choice-of-law analysis leads to applying the law of a consumer's home state – in plaintiff's case, California. (Mot. at 4-6 (citing, inter alia, *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012)).)

---

[4] The case was in federal court by virtue of diversity of citizenship and had gone before the Pennsylvania Supreme Court on a certified question.

Defendant's Reply in Support of Motion to Dismiss or in the Alternative Partially Strike Class Claims - 5:20-cv-07838-BLF

**III. PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF.**

The Court should also dismiss plaintiff's claim for injunctive relief because he is now aware of the serving size of Immune Support and Elderberry Gummies and thus does not require injunctive relief in order to avoid alleged confusion premised on product labeling. (Mot. at 12-14.) Plaintiff argues in response that the Ninth Circuit has "determin[ed] that a plaintiff has standing to pursue a claim [for] injunctive relief, despite now knowing of Defendant's deceptive conduct." (Pl.'s Opp'n at 17.) But this argument – which concedes plaintiff's knowledge – relies on Ninth Circuit precedent that does not apply in these circumstances.

Under Ninth Circuit law, a "previously deceived consumer" may have standing to enjoin the label he or she now suspects to be false only where: (1) the plaintiff "plausibl[y] alleg[es] that [he or] she will be unable to rely on the product's . . . labeling in the future," or (2) he or she "might purchase the product in the future" based on the "reasonabl[e], but incorrect[], assum[ption] the product was improved" to match the label. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969-70 (9th Cir. 2018). Central to these circumstances is the allegation that the plaintiff, when confronted with the representation again, will have "***no way*** of determining" whether the representation has become "true." *Id.* at 970-71 (emphasis added).[5] In *Davidson*, for example, the representation was that certain wipes were "flushable," and the plaintiff would never be able to tell whether the wipes had been reformulated to be "flushable" "without first buying them and trying to flush them." *Matic v. U.S. Nutrition, Inc.*, No. CV 18-9592 PSG (AFMx), 2019 WL 3084335, at *7 (C.D. Cal. Mar. 27, 2019) (distinguishing *Davidson*).[6] Several cases (cited in defendant's

---

[5] Even in that circumstance, the Ninth Circuit described *Davidson* as a "close question." 889 F.3d at 971.

[6] The other cases on which plaintiff relies concern the same narrow exception identified in *Davidson*. In *Broomfield v. Craft Brew Alliance, Inc.*, this Court reiterated that *Davidson* involved a plaintiff with "no way of determining whether the representation . . . [wa]s [now] true." No. 17-cv-01207-BLF, 2017 WL 5665654, at *4 (N.D. Cal. Nov. 27, 2017) (Freeman, J.) (quoting

*(cont'd)*

10
Defendant's Reply in Support of Motion to Dismiss or in the Alternative Partially Strike Class Claims - 5:20-cv-07838-BLF

opening brief and ignored in plaintiff's opposition) have explained that this inability to "easily discover whether a previous misrepresentation had been cured" by just looking at the label "without first buying the product at issue" was the key to the case. *Cordes v. Boulder Brands USA, Inc.*, No CV 18-6534 PSG (JCx), 2018 WL 6714323, at *4 (C.D. Cal. Oct. 17, 2018) (distinguishing *Davidson* because plaintiff could "determine how many pretzels are in each package . . . when contemplating future purchases"); *Shanks v. Jarrow Formulas, Inc.*, No. LA CV 18-09437 PA (AFMx), 2019 WL 7905745, at *5 (C.D. Cal. Dec. 27, 2019) (*Davidson* plaintiff "could not otherwise determine" accuracy of the label before purchase); *Matic*, 2019 WL 3084335, at *7-8 (similar).

Here, plaintiff does not contest that like the plaintiffs in *Cordes*, *Shanks*, and *Matic*, and unlike the plaintiff in *Davidson*, he will be able to evaluate the truth of defendant's representation before purchase, in a matter of a few seconds. Nor does plaintiff's allegation that "*[c]lass members* will continue to purchase the [p]roducts, reasonably but incorrectly believing that they contain the stated dosage . . . in each [g]ummy" (Compl. ¶ 17 (emphasis added)), provide standing for injunctive relief. The possibility of injury to others – even other absent class members – does not confer standing on plaintiff to seek relief to which he is not entitled. *E.g.*, *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (explaining that the fact "[t]hat a suit may be a class action, however, adds nothing to the question of standing," and a named plaintiff cannot base standing on alleged injuries to unidentified class members).

---

*Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1116 (9th Cir. 2017), *amended and superseded on denial of reh'g en banc*, 889 F.3d at 970-71) (cited in Pl.'s Opp'n at 17). And *Prescott v. Bayer HealthCare LLC*, No. 20-cv-00102-NC, 2020 WL 4430958, at *1 (N.D. Cal. July 31, 2020) (cited in Pl.'s Opp'n at 18) involved a product that the defendant had allegedly mislabeled as mineral-based rather than chemical-based, making it difficult to check for accuracy in the future because deciphering an ingredient list full of scientific names would require "an encyclopedic knowledge of sunscreen active ingredients." *Id.* at *7. Here, by contrast, plaintiff need only be able to read and understand the number "3."

11
Defendant's Reply in Support of Motion to Dismiss or in the Alternative Partially Strike Class Claims - 5:20-cv-07838-BLF

## IV. IN THE ALTERNATIVE, PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE STRICKEN IN PART.

If the Court does not dismiss plaintiff's claims in full, it should, at the very least, strike his class allegations to the extent he seeks to represent a nationwide class or to represent any class involving purchasers of Elderberry Gummies.

### A. The Court Should Strike The Nationwide Class Allegations.

As discussed above, plaintiff's claims arise only under California law, since he has no connection at all to Pennsylvania. And without any Pennsylvania-law claims of his own, he lacks standing to represent a nationwide class arising under Pennsylvania law. (*See* Mot. at 15 (citing *Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028 (S.D. Cal. 2020) and *Pardini v. Unilever U.S., Inc.*, 961 F. Supp. 2d 1048 (N.D. Cal. 2013)).) Plaintiff nonetheless urges delay, arguing that the viability of his nationwide class allegations should be deferred until the parties brief class certification. But "[u]nder controlling Ninth Circuit precedent . . . [courts] should address standing" to represent a class of members from other states "prior to [the] class certification" stage when the issue is clear from the pleadings. *Broomfield I*, 2017 WL 3838453, at *14 (citing *Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004)); *see, e.g.*, *Carpenter*, 441 F. Supp. 3d at 1039 (granting motion to strike because "California district courts frequently . . . dismiss claims asserted under the laws of states in which no plaintiff resides or has purchased" the product "at the pleading stage" and collecting cases). This is such a case.

Plaintiff cites a few cases in which courts have declined to follow this rule, but each would have required a fact-intensive classwide choice-of-law analysis. *Forcellati*, 876 F. Supp. 2d at 1159 (cited in Pl.'s Opp'n at 17) (noting need to "speculate about . . . various states' consumer protection laws" and that proposed class might ultimately be "narrow[ed]"); *Chavez v. Wal-mart Stores, Inc.*, No. CV 13-6429-GHK (PJWx), 2014 WL 12591244, at *2 (C.D. Cal. Mar. 3, 2014) (cited in Pl.'s Opp'n at 17) (noting need for parties to "explore[] the facts in th[e] case"). Here, by contrast, the Court must determine whether plaintiff, as an individual, can plead a claim under Pennsylvania law in order to decide the motion to dismiss. Once it has done so, no further legal analysis is required to decide whether the nationwide class allegations should be stricken.

## B. The Court Should Strike The Class Claims Concerning Elderberry Gummies.

The Court should also strike the class claims to the extent plaintiff seeks to represent purchasers of Elderberry Gummies. Plaintiff does not dispute that he has never purchased or consumed the Elderberry Gummies. And he agrees that the caselaw requires him to, at minimum, show a substantial similarity between the elderberry product and the one he purchased.[7] He cannot make that showing here. The Elderberry Gummies and the Immune Support Gummies are different products, with different ingredients, sold in different packaging, and with different allegedly misleading representations.

Plaintiff contends that these differences are "simply inconsequential" because both products have statements that he alleges to be misleading in similar ways, and he has purportedly suffered the same "type of [alleged] injury" as members of the putative class that purchased Elderberry Gummies. (Pl.'s Opp'n at 19.) In so arguing, plaintiff fails to address the cases cited in defendant's brief, which explain that generally similar injury is insufficient when both the product and the packaging differ, as they do here. (*See* Mot. at 16 (citing, *inter alia*, *Dysthe v. Basic Rsch. LLC*, No. CV 09-8013 AG (SSx), 2011 WL 5868307, at *4-5 (C.D. Cal. June 13, 2011)).) And the cases plaintiff cites are generally inapposite because they involve, at the very least, a single uniform representation across both purchased and unpurchased products. For instance, in *Morgan v. Wallaby Yogurt Co.*, the court acknowledged that when a plaintiff claims "that a reasonable consumer would be misled by a representation on a label . . . . a consumer may only be allowed to pursue those claims for products with identical labels." No. 13-cv-00269-WHO, 2014 WL 1017879, at *7 (N.D. Cal. Mar. 13, 2014) (quoting *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-cv-01196-WHO, 2014 WL 1024182, at *8 (N.D. Cal. Mar. 13, 2014)). The *Morgan* court allowed the claims at issue to go forward only because "[t]he alleged misrepresentation [wa]s [materially] *identical* across the challenged products." *Id.* at *8 (emphasis added); *see also Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2016 WL 469370, at *11 (N.D. Cal. Feb. 8, 2016)

---

[7] The Ninth Circuit has not spoken definitively on this issue, but the substantial similarity test is the prevailing approach in this district and the one this Court has used in previous cases.

13
Defendant's Reply in Support of Motion to Dismiss or in the Alternative Partially Strike Class Claims - 5:20-cv-07838-BLF

(Freeman, J.) ("all 'bear labels stating that they contain "no artificial preservatives, colors, and flavors""") (citation omitted).  Here, by contrast, the representations at issue are not the same.  The product plaintiff bought says "750 mg Vitamin C," while the Elderberry Gummy package says, "Crafted with 50 mg elderberry juice concentrate."  These are not "identical" statements, and plaintiff therefore cannot represent a proposed class of Elderberry Gummy purchasers.

### **CONCLUSION**

For the foregoing reasons, as well as those discussed in defendant's initial motion and memorandum in support, the Court should dismiss this action in full.  To the extent it does not, the class allegations should be partially stricken.

DATED: Feb. 12, 2021

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Emily Reitmeier

EMILY REITMEIER
Attorneys for Defendant Alacer Corp.